WILLIAM L. STERN (CA SBN 96105)
WStern@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: 415.268.7000

JAMES W. HUSTON (CA SBN 115596)
JHuston@mofo.com
ERIN M. BOSMAN (CA SBN 204987)
EBosman@mofo.com
JULIE Y. PARK (CA SBN 259929)
JuliePark@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125

Attorneys for Defendant
FITBIT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES P. BRICKMAN, individually and as a representative of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FITBIT, INC.,<br><br>Defendant. | Case No. 3:15-cv-2077-JD<br><br>**DEFENDANT FITBIT INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:      November 4, 2015<br>Time:      10:00 a.m.<br>Ctrm:      11, 19th Floor<br><br>The Honorable James Donato<br><br>Date Action Filed:      May 8, 2015 |

Defendant Fitbit, Inc. ("Fitbit") respectfully requests that the Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the following documents and facts in support of Fitbit's Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"), filed concurrently herewith.

**Exhibit A**:  Fitbit Product Features Comparison Chart, *available at* https://www.fitbit.com/compare (last accessed June 26, 2015).

**Exhibit B:**  Fitbit Zip Product Features and Specifications, *available at* https://www.fitbit.com/zip (last accessed June 26, 2015).

**Exhibit C:**  Fitbit One Product Features and Specifications, *available at* https://www.fitbit.com/one (last accessed June 26, 2015).

**Exhibit D:**  Fitbit Flex Product Features and Specifications, *available at* https://www.fitbit.com/flex (last accessed June 26, 2015).

**Exhibit E:**  Fitbit Charge Product Features and Specifications, *available at* https://www.fitbit.com/charge (last accessed June 26, 2015).

**Exhibit F:**  Fitbit Charge HR Product Features and Specifications, *available at* https://www.fitbit.com/chargehr (last accessed June 26, 2015).

**Exhibit G:**  Fitbit Surge Product Features and Specifications, *available at* https://www.fitbit.com/surge (last accessed June 26, 2015).

**Exhibit H:**  Fitbit Accessories available for sale, *available at* https://www.fitbit.com/store#accessories (last accessed June 26, 2015).

**Exhibit I**:  Hawley E. Montgomery-Downs et al., *Movement Toward a Novel Activity Monitoring Device*, 16 SLEEP AND BREATHING, no. 3, at 913 (2011), *available at* http://www.ncbi.nlm.nih.gov/pubmed/21971963 ("Montgomery-Downs Paper").

**Exhibit J**:  Excerpts from Fitbit Flex Product Manual, *available at* https://staticcs.fitbit.com/content/assets/help/manuals/manual_flex_en_US.pdf (last accessed June 30, 2015).

**Basis for Judicially Noticeable Documents and Facts**

Under the Federal Rules of Evidence, courts may take judicial notice of "a fact that is not

subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Judicial notice is appropriate for documents incorporated by reference into a complaint but not attached to the complaint. *See, e.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 2002), *overruled in non-pertinent part by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Judicial notice may be taken at any stage of a proceeding. Fed. R. Evid. 201(d); *see Corns v. Laborers Int'l Union of N. Am.*, 709 F.3d 901 (9th Cir. 2013).

Judicial notice is proper for Exhibits A-H and J because they are excerpts from a party's website. "In this new technological age, official government or company documents may be judicially noticed insofar as they are available via the worldwide web." *In re Tourism Assessment Fee Litig.*, No. 08cv1796-MMA(WMc), 2009 WL 10185458, at *4 (S.D. Cal. Feb. 19, 2009) (Court takes judicial notice of excerpts from party's website where the website's authenticity is not in dispute and the Court was provided printouts and could confirm the accuracy of the exhibits' content); *see also Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 WL 618511, at *3 (N.D. Cal. Mar. 13, 2006) ("as a general matter, websites and their contents may be proper subjects for judicial notice"), *order clarified on other grounds*, No. C 05-4166 PJH, 2006 WL 734405 (N.D. Cal. Mar. 20, 2006); *Kane v. Delong*, No. CV 13-05021-KAW, 2014 WL 894587, at *3 (N.D. Cal. Mar. 4, 2014) ("[c]ourts have taken judicial notice of websites maintained by parties to the action as reliable.") (citations omitted). Exhibits A-H and J are all accessible through Fitbit's website at www.fitbit.com. The authenticity of these exhibits cannot be reasonably questioned and Plaintiffs refer to the website in the FAC. (FAC. ¶ 3; ¶ 26 n.3.) Accordingly, judicial notice of these exhibits is proper.

Exhibit I, the Montgomery-Downs Paper, is judicially noticeable under the "incorporation by reference" rule. This rule allows courts to take judicial notice of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch*, 14 F.3d at 454; *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (A court may consider "documents whose contents are alleged in a

complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" and "treat such a document as part of the complaint.") (citations omitted). The FAC relies on the Montgomery-Downs' "study" and hyperlinks to an abstract of its content. (FAC. ¶ 18 n.1; ¶ 23.)  However, Plaintiff did not attach the actual Montgomery-Downs Paper even though Plaintiff paraphrases its findings.  (*See id.* ¶¶ 18-23.)  Plaintiff cites favorably to the Montgomery-Downs Paper and the parties do not dispute its authenticity.  Accordingly, because it is publicly available such that its contents are readily determined and cannot reasonably be questioned, it should be judicially noticed.  *See* Fed. R. Evid. 201; *see also Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (court may take judicial notice of "documents not attached to a complaint . . . if no party questions their authenticity and the complaint relies on those documents"); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1065 (N.D. Cal. 2010) (court may consider "exhibits attached to the complaint . . . , and documents referenced by the complaint and accepted by all parties as authentic").; *Postier v. Louisiana-Pacific Corp.*, No. C-09-3290 JCS, 2009 WL 3320470, at *7 (N.D. Cal. Oct. 13, 2009) (defendant permitted to rely on materials referenced in complaint where plaintiff did not dispute their authenticity).Based on the foregoing reasons, Fitbit respectfully requests that this Court take judicial notice of Exhibits A-J.

Dated: September 8, 2015             MORRISON & FOERSTER LLP


                                     By:  s/Erin M. Bosman
                                          Erin M. Bosman

                                          Attorneys for Defendant
                                          FITBIT, INC.