1  Elizabeth J. Cabraser (State Bar No. 083151)
   ecabraser@lchb.com
2  Kevin R. Budner (State Bar No. 287271)
   kbudner@lchb.com
3  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
4  San Francisco, CA 94111-3339
   Telephone: (415) 956-1000
5  Facsimile: (415) 956-1008

6  Jonathan D. Selbin (State Bar No. 170222)
   jselbin@lchb.com
7  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   250 Hudson Street, 8th Floor
8  New York, NY 10013
   Telephone: (212) 355-9500
9  Facsimile: (212) 355-9592

10 Robert Klonoff (Pro Hac Vice Anticipated)
   klonoff@usa.net
11 ROBERT H. KLONOFF, LLC
   2425 SW 76th Ave.
12 Portland, OR 97225
   Telephone: (503) 291-1570

*Attorneys for Plaintiffs in Mclellan v. Fitbit, Inc.,
individually and on behalf of all others similarly situated*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES P. BRICKMAN, individually and as a representative of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FITBIT, INC.,<br><br>Defendant. | Case No. 3:15-cv-2077-JD<br><br>***MCLELLAN* PLAINTIFFS' OPPOSITION TO FITBIT, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Ctrm: 11, 19th Floor<br><br>The Honorable James Donato<br><br>Date Filed: May 8, 2015 |

Plaintiffs in *McLellan v. Fitbit, Inc.*, 3:16-cv-0036-VC ("*McLellan*") respectfully oppose Fitbit's administrative motion to relate this case to *Brickman v. Fitbit, Inc.*, 3:15-cv-2077-JD ("*Brickman*"). Despite the facial appeal of Fitbit's motion, a closer look at the facts and claims at issue reveals that the criteria for relation are not met and that judicial economy will not be served by joining the cases before a single judge. As detailed below, the two actions involve different parties, different products, different representations about those products, and different claims. Relating the cases, therefore, will not minimize discovery, expense, or conflicting results, especially since counsel for plaintiffs in both actions have agreed to cooperate to reduce any burden on Fitbit or the Court. *See* L.R. 3-12 (defining relation). The *McLellan* Plaintiffs thus respectfully request that the Court deny Fitbit's Administrative Motion to Consider Whether Cases Should Be Related.

### I. The Cases Concern Different—Indeed, Entirely Distinct—"Parties, Property, Transaction[s and] Event[s]."

Upon close review it becomes clear that the *only* thread joining the two cases is the defendant and its counsel. The differences between the actions far overwhelm this single commonality. The remaining parties and their counsel, and the property, transactions, and events at issue in the two cases simply are not "substantially the same" and, in fact, are entirely distinct.

The *McLellan* action is based on Fitbit's allegedly false representations about the heart rate monitoring functionality found in just two of Fitbit's activity trackers: the "Charge HR™" and the "Surge™." Those models did not become available for purchase until at least December 2014.[1] No Plaintiff in *McLellan*—and, by definition no member of the proposed class in *McLellan*—purchased her device before December 2014. By contrast, the claims in *Brickman* relate exclusively to the sleep tracker functionality in certain Fitbit devices, and the *Brickman* class definition *expressly excludes* any consumer who purchased her device on or after October

---

[1] Ex. A (Fitbit's October 27, 2014, Press Release) (Fitbit announces that the Charge HR and Surge will become available in "early 2015"); Ex. B (Michael Rogeau, *Fitbit is releasing a limited number of Charge HR and Surge trackers early*, TechRadar (Dec. 5, 2014), available at http://www.techradar.com/us/news/portable-devices/other-devices/fitbit-is-releasing-a-limited-number-of-charge-hr-and-surge-trackers-early-1275687) (quoting Fitbit spokesperson discussing early, limited release of Charge HR and Surge in December 2014); Ex. C (Fitbit's January 6, 2015, Press Release) (Fitbit announces availability of Charge HR and Surge in January 2015).

27, 2014. *See Brickman*, Fourth Amended Complaint, Doc. 60 at ¶¶ 60-61. While the *Brickman* complaint purports to include the Charge HR and Surge, the temporal limitations on the *Brickman* class confirm that those devices are not and cannot be at issue in that case.

The two cases therefore do not involve a single overlapping plaintiff, class member, or product. *See* L.R 3-12. Fitbit presumably knows well when it began selling its own products, making its assertion that "the members of the purported *McLellan* class are members of the purported *Brickman* class" disingenuous at best and, more to the point, wrong. Fitbit Mot. at 1 (*Brickman* Doc 66). The "property"—the Fitbit models at issue—are entirely distinct. And the "parties" certainly are not substantially the same: the fact that both lawsuits involve the same defendant and defense counsel cannot possibly sustain relation when the plaintiffs, proposed classes, and plaintiffs' counsel are all entirely distinct.

The "transactions" and "events" at issue in the two cases are also entirely distinct. The actions concern purchase transactions by different plaintiffs and class members of different products during a different time frame. The claims in *McLellan* relate to a functionality—the heart rate monitor—not found in any of the Fitbit products that will ultimately be at issue in *Brickman*, and arise from different representations Fitbit made about those products and features during a different time period. Fitbit's view would essentially mean that any suit against a company about one product would automatically relate to any other suit against the company about any other product. This is not the law. Thus, for the reasons stated above, *Brickman* and *McLellan* do not "concern substantially the same parties, property, transaction or event," and the first prong of this District's test for relation cannot be satisfied. L.R. 3-12.

**II.     Relating The Actions Will Not Minimize Discovery, Expense, or Conflicting Results.**

Fitbit also fails to satisfy the second prong of relation. Fitbit strenuously argues that relation is necessary to avoid "conflicting rulings" on "the enforceability of the arbitration and class action waiver clauses in Fitbit's Terms of Sale [sic]."[2] Fitbit's Mot. at 2. But this argument is a straw man. The rule on relation speaks to conflicting *results*, not conflicting rulings. L.R. 3-

---

[2] Fitbit's "Terms of ***Service***" are at issue in *McLellan*, not its "Terms of ***Sale***." This apparent typo is telling: Plaintiffs expect that Fitbit will argue that its Terms of Service attach to the *sale* of the devices, when in fact those terms are sprung on consumers only post-purchase.

12. Accordingly, this Court recently observed that the possibility that different judges "might come to a different conclusion on application of law" standing alone is "not a reason to relate." *In re Capacitors Antitrust Litigation*, No. 3:14-cv-03264-JD, Hr'g. Tr. 40:7-16, Doc. 922 (Oct. 17, 2015).

Even if the potential for inconsistent rulings alone were a reason to relate, which it is not, that rationale would not counsel relation here. Well before the *McLellan* Plaintiffs filed their action, Fitbit "agreed to withdraw" its motion to compel arbitration in *Brickman* after plaintiffs' counsel agreed to substitute the only plaintiff who was arguably subject to the disputed arbitration clause. *Brickman*, Hr'g. Tr. 8:2-10, Doc. 52 (Nov. 10, 2015). As a result, the Court did not and will not "decide the arbitration motion." *Id.* Thus, regardless of how Judge Chhabria ultimately rules on any arbitration motion, his ruling cannot conflict with any ruling by this Court since there is none.

Similarly unavailing is Fitbit's argument that the cases should be related because they both involve "consumer deception" and invoke some of the same statutes. Fitbit's Mot. at 2. Of course, it is often the case that a manufacturer may be subject to multiple lawsuits involving different (and, as is not the case here, sometimes identical) products, broadly based on the same consumer protection or warranty laws. That does not render them "related" as defined in this District, especially where, as here, the actions are brought by entirely distinct plaintiffs and class members, and involve entirely different products and representations about those products.[3]

Likewise, and for all the reasons explained above, the cases will not involve significant overlap in discovery. The discovery in *McLellan* will involve *only* the Charge HR and Surge—products that, given the class definition, will not be at issue in *Brickman*. More fundamentally, the *Brickman* and *McLellan* actions are based on, and will seek discovery about, two entirely different functionalities. The technologies behind the heart rate sensor and sleep tracker are completely unrelated. And most of the advertisements and representations at the core of the

---

[3] Again, by Fitbit's theory, any patent infringement case brought against Apple based on the iPhone would be related, even if the cases involved different patent holders and implicated completely different technologies within the phone. This is contrary to the District's nuanced test for relation.

*McLellan* action make no mention whatsoever of sleep tracking.  A sampling of these representations can be found in the *McLellan* Amended Complaint at paragraphs 31-34.  Other examples include the nationally-televised "Know Your Heart" advertisement (available at https://www.youtube.com/watch?v=vpdHMyvkJxw) and the Surge promotional video (available at https://www.fitbit.com/surge).

In sum, the actions do not overlap and certainly are not similar enough to give rise to an "*unduly* burdensome duplication of labor and expense" if they are not related.  L.R. 3-12 (emphasis added).  Moreover, class counsel in *McLellan* agree that to the extent such issues do arise—and again, it is unlikely they will—they will cooperate with *Brickman* counsel to minimize any potential duplication and reduce the burden on Court and counsel.  *Brickman* counsel have informed *McLellan* counsel that they will do the same.

### III. Conclusion

As described above, *Brickman* and *McLellan* concern:

- Distinct, non-overlapping classes and class counsel;
- Distinct, non-overlapping products;
- Distinct, non-overlapping product features;
- Distinct, non-overlapping representations about those products and features; and
- Distinct, non-overlapping discovery.

Fitbit has not established and cannot establish that the elements for relation are met.  As a practical matter, joining the cases before a single judge will not ease any burden on the Court or counsel and will not advance judicial economy.  Plaintiffs therefore respectfully request that the Court deny the Administrative Motion to Consider Whether Cases Should Be Related.

| | | |
|---|---|---|
| 1 | Dated: February 8, 2016 | Respectfully submitted, |
| 2 | | LIEFF CABRASER HEIMANN & BERNSTEIN, LLP |
| 3 | | |
| 4 | | By: _____ |
| 5 | | Jonathan Selbin |

Jonathan D. Selbin (SBN 170222)
jselbin@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Elizabeth J. Cabraser (SBN 083151)
Kevin R. Budner (SBN 287271)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: ecabraser@lchb.com
Email: kbudner@lchb.com

Robert Klonoff (Pro Hac Vice Anticipated)
ROBERT H. KLONOFF, LLC
2425 SW 76th Ave.
Portland, OR 97225
Telephone: (503) 291-1570

*Attorneys for Plaintiffs in McLellan v. Fitbit, Inc.*

# CERTIFICATE OF SERVICE

On February 8, 2015, I electronically filed this document through the ECF system in *Brickman v. Fitbit, Inc.*, No. 3:15-cv-02077-JD, which will send a notice of electronic filing to all counsel of record in *Brickman*, as well as counsel representing the defendant in *McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-VC.

                                                              /s/ *Jonathan D. Selbin*
                                                                   Jonathan D. Selbin