Patrick J. Perotti (Ohio Bar No. 0005481)
Frank A. Bartela (Ohio Bar No. 0088128)
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, Ohio 44077
Telephone: (440) 352-3391
Facsimile: (440) 352-3469
Email: pperotti@dworkenlaw.com
       fbartela@dworkenlaw.com

John A. Kithas (California Bar No. 64284)
Christopher Land (California Bar No. 238261)
LAW OFFICES OF JOHN A. KITHAS
One Embarcadero Center, Suite 1020
San Francisco, CA 94111
Telephone: (415) 788-8100
Facsimile: (415) 788-8001
Email: john@kithas.com
       chris@kithas.com

Christopher J. Morosoff, Esq. (SBN 200465)
LAW OFFICE OF CHRISTOPHER J. MOROSOFF
77-760 Country Club Drive, Suite G
Palm Desert, California 92211
Telephone: (760) 469-5986
Facsimile: (760) 345-1581
Email: cjmorosoff@morosofflaw.com

Attorneys for Plaintiffs JAMES P. BRICKMAN
and MARGARET CLINGMAN, et al.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES P. BRICKMAN, individually and as a representative of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>FITBIT, INC.,<br><br>    Defendant. | Case No. 3:15-cv-2077-JD<br><br>PLAINTIFFS' BRIEF IN OPPOSITION TO FITBIT, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED |

Plaintiffs Brickman and Clingman (herein "Plaintiffs") respectfully oppose Fitbit's administrative motion to consider whether this Court should relate the present action to *McLellan v. Fitbit, Inc.*, 3:16-cv-0036-VC (herein "McLellan") and request the Court issue an order denying Fitbit's administrative motion. Local Rule 3-12(a) provides that an action is related to another when: "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." A brief inspection of the two actions that Fitbit requests this Court to relate pursuant to L.R. 3-12(a) demonstrates that the actions involve different parties, factual allegations, and products. Thus, Fitbit's request to relate these two actions will not achieve the goal of reducing the duplication of labor or expenses related to discovery as envisioned by L.R. 3-12(a)(2).

**1. The present action and the *McLellan* action do not "concern substantially the same parties, property, transaction or event[.]"**

As an initial matter, the present action and the *McLellan* do not concern "substantially the same parties, property, transaction or event" as required by L.R. 3-12(a)(1). The Plaintiffs, in this action, allege that the sleep tracking function, for which Fitbit charges a $30 premium, does not actually track "hours slept," "times woken up," or "sleep quality" as Fitbit represents to its customers that it will. Very simply the Plaintiffs have alleged that Fitbit's sleep tracking function is equivalent to a form of modern "snake oil." Further, in response to Fitbit's motion to compel arbitration (Doc. 39), Plaintiffs in this action have specifically limited the putative classes to all Florida and California residents who purchased a Fitbit device with the sleep tracking function prior to October 27, 2014.

In contrast, the *McLellan* action is centered on the allegation that Fitbit made false representations to its customers regarding the heart rate monitoring function found in two Fitbit devices, namely the Fitbit Charge HR and the Surge. Further, as the Complaint in *McLellan* makes clear, the devices at issue in that action were not even announced until October of 2014. See *McLellan, et al v. Fitbit, Inc.*, 3:16-cv-00036, Doc. 6, First Amended Complaint, at ¶ 25. Fitbit then began to sell the devices with the heart rate monitoring function at issue in *McLellan* in December of

2014, after the conclusion of the aforementioned putative class period (October 27, 2014) in the present action. See *Plaintiffs' Opposition to Fitbit's Administrative Motion to Consider Whether Cases Should be Related*, Case No. 3:15-cv-02077-JD, Doc. No. 68, p. 2 of 7 (n. 1).

Based on the foregoing, it is apparent that the *McLellan* action and the present action consider different devices sold to different parties by Fitbit during two completely different time periods-- before October 27, 2014 (Brickman) and after December 2014 (McLellan). Based on this it cannot be argued that the present action and the *McLellan* action "concern substantially the same parties, property, transaction or event[.]" L.R. 3-12(a)(1).

### 2. Relating the present action with the *McLellan* action would not prevent the "duplication of labor and expense[.]"

Fitbit alleges that if the present action and the *McLellan* action are not related, "discovery in the two cases would substantially overlap." Defendant's Administrative Motion, p. 3. However, Fitbit fails to acknowledge that the two actions consider completely different functions of Fitbit devices sold during two different time periods. Discovery in the present action will be limited to the sleep monitoring function included on Fitbit devices sold to consumers prior to October 27, 2014. In turn, the *McLellan* action alleges that the "PurePulse" heart rate trackers "consistently mis-record heart rates" and discovery would therefore be focused on a completely different functionality than the present action. See *McLellan, et al v. Fitbit, Inc.*, 3:16-cv-00036, Doc. 6, First Amended Complaint, at ¶ 25. Furthermore, the devices at issue in the *McLellan* action were not sold until after October 27, 2014. See *Plaintiffs' Opposition to Fitbit's Administrative Motion to Consider Whether Cases Should be Related*, Case No. 3:15-cv-02077-JD, Doc. No. 68, p. 2 of 7 (n. 1). It is not likely that the present action and the *McLellan* action would involve any substantial overlap in discovery. Further, Counsel for Plaintiffs in this action and the *McLellan* action have agreed to cooperate to reduce any potential burden on Fitbit. Thus, relating the present action with the *McLellan* action is not likely to prevent a "duplication of labor and expense[.]"

Based on the foregoing, Plaintiffs Brickman and Clingman respectfully request that this Court issue an order denying Fitbit's administrative motion.

DATED: February 8, 2016                    DWORKEN & BERNSTEIN CO., L.P.A.
                                           LAW OFFICES OF JOHN A. KITHAS
                                           LAW OFFICE OF CHRISTOPHER J.
                                           MOROSOFF

                                           Attorneys for Plaintiffs JAMES P. BRICKMAN
                                           and MARGARET CLINGMAN, et al.


                                            */s/ Frank A. Bartela*
                                           By Frank A. Bartela, Esq.

OPPOSITION TO MOTION TO RELATE CASE
Case No. 3:15-cv-2077-JD                                              Page - 4

## **ECF ATTESTATION**

I, Frank A. Bartela, am the ECF User whose ID and Password are being used to file this document. I attest that concurrence in the filing of this document has been obtained from the signatory.

Dated: February 8, 2016          DWORKEN & BERNSTEIN CO., L.P.A.

                                 By: *s/Frank A. Bartela*