# EXHIBIT K

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES P. BRICKMAN, individually

and as a representative of all

other similarly situated

         Plaintiff

v.               No. 3:15-cv-2077-JD

FITBIT, INC.

         Defendant

_____/

VIDEOTAPED DEPOSITION OF COLIN WEIR

Boston, Massachusetts

Wednesday, March 8, 2017

Reported by:

Deborah Roth, RPR-CSR

Job No. 120733

A P P E A R A N C E S:


BONEZZI SWITZER POLITO & HUPP

Attorney(s) for Plaintiff

1300 East 9th Street

Cleveland, Ohio  44114

BY: RONALD MARGOLIS, ESQ.


MORRISON & FOERSTER

Attorney(s) for Defendant

425 Market Street

San Francisco, California  94105

BY: WILLIAM STERN, ESQ.

    ALEXANDRA LAKS, ESQ.

    (Telephonically present.)




ALSO PRESENT: Carlo Barbieri,

             Legal Videographer

be possible to determine damages on a class-wide basis, and I make the determination that I don't think it would be possible.  In those circumstances, I tend not to be hired to issue that opinion.

Q.  Understood.  Thank you.

You're familiar with the requirements of the Supreme Court case Comcast versus Behrend, are you?

A.  I'm not a lawyer, but I feel like I have a pretty good handle on the gist of that case.

Q.  How would you characterize the gist of that case?

MR. MARGOLIS:  Objection.  Move to strike.

You may answer.

A.  The primary area of interest for me as an economist and somebody who considers damages is that Comcast generally suggests that a damage analysis, unless otherwise prescribed by law, should control for sources of value of a product that are received when determining the harm caused by a defendant in a litigation.

Q.   Do you understand part of the Comcast requirement is that it is incumbent on a plaintiffs' damages analysis that the damages model be congruent with the theory of liability?

MR. MARGOLIS:  Objection.

You may answer.

A.   I hold that belief.  I always sort of took that to be sort of a bedrock of damages calculations prior to Comcast, but if Comcast sets that out as an affirmative rule, then I'm generally aware of that rule.

Q.   Dr. Weir, have you ever had all or part of your testimony excluded by a court?

MR. MARGOLIS:  Objection.

A.   Yes.  I recall one instance in which I submitted a rebuttal or reply piece of testimony that was requested of me by my client, and it turned out that the court had not actually allowed for reply testimony in its schedule, and so on the grounds of timeliness the judge excluded that reply report, not based on my credentials, qualifications or the merits of the document, but, again, just on timeliness.

Page 49

obtained that was attributable only to the sleep function.

Q. So you would agree that sources of value attributable to features other than the sleep function would need to be subtracted from the damages model, correct?

A. What I feel comfortable saying, without more details in your question, is that other sources of value should be controlled for.

Whether the appropriate control is made through subtraction, or whether it's made through a regression analysis, or whether it's made through a survey technique, or any of a number of other ways in which one might try to analyze that type of circumstance, such a control should be made.

Q. And which control do Drs. Burke and Rosen propose employing to control for those nonoffending features that have value?

A. That's beyond the scope of my assignment to evaluate the Burke and Rosen methodology.

As I state in Footnote 5, "I have

CERTIFICATE

COMMONWEALTH OF MASSACHUSETTS )

COUNTY OF SUFFOLK                )

I, Deborah Roth, a Registered Professional Reporter and Notary Public duly commissioned and qualified in and for the Commonwealth of Massachusetts, do hereby certify: That COLIN WEIR, the witness whose deposition is hereinbefore set forth, was duly identified and sworn by me, and that the foregoing transcript is a true record of the testimony given by such witness to the best of my ability.

I further certify that I am not related to any of the parties in this matter by blood or marriage, and that I am in no way interested in the outcome of this matter.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal this 10th day of March, 2017.

Deborah Roth, CSR: 14700-S, RPR: 34250

My Commission Expires:  12/31/21