1   DAVID F. MCDOWELL (CA SBN 125806)
    DMcDowell@mofo.com
2   MORRISON & FOERSTER LLP
    707 Wilshire Blvd., Suite 6000
3   Los Angeles, California  94105
    Telephone: 213.592.5200
4   Facsimile: 213.892.5454

5   ERIN M. BOSMAN (CA SBN 204987)
    EBosman@mofo.com
6   JULIE Y. PARK (CA SBN 259929)
    JuliePark@mofo.com
7   KAI BARTOLOMEO (CA SBN 264033)
    KBartolomeo@mofo.com
8   MORRISON & FOERSTER LLP
    12531 High Bluff Drive
9   San Diego, California  92130-2040
    Telephone: 858.720.5100
10  Facsimile: 858.720.5125

11

12  Attorneys for Defendant
    FITBIT, INC.

13                  UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15

16

17  JAMES P. BRICKMAN, individually and as a       Case No. 3:15-cv-2077-JD
    representative of all others similarly situated,

18                      Plaintiff,                 **JOINT PROPOSED JURY
                                                   INSTRUCTIONS**
19          v.
                                                   Date:    April 5, 2018
20  FITBIT, INC.,                                  Time:    1:30 p.m.
                                                   Ctrm:    11, 19th Floor
21                      Defendant.                 Trial:   April 30, 2018

22                                                 The Honorable James Donato

23                                                 Date Action Filed:    May 8, 2015

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS
Case No. 3:15-cv-2077-JD
sd-716051

1    Plaintiffs James P. Brickman and Margaret Clingman and Defendant Fitbit, Inc. hereby

2  submit the following Joint Proposed Jury Instructions pursuant to the Court's Standing Order for

3  Civil Jury Trials.

4    Fitbit recognizes that the Court has instructed the parties to refrain from submitting

5  preliminary instructions.  In the interest of limiting the objections here, Fitbit does not oppose

6  Plaintiffs' submission of preliminary instructions, unless otherwise indicated, and reserves the

7  right to propose modifications and request supplementation of any preliminary or concluding

8  instructions as needed.  Fitbit, however, requests that the Court's standard set of preliminary

9  instructions govern in the event of any conflicts with Plaintiffs' proposals.

10    //

11    //

12    //

13    //

14    //

15    //

16    //

17    //

18    //

19    //

20    //

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28    //

**Stipulated Instruction No. 1 Re Duty of Jury**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Source:  Ninth Circuit Manual of Model Civil Jury Instructions 1.4

1

**Stipulated Instruction No. 2 Re Burden of Proof—Preponderance of the Evidence**

2

3

When a party has the burden of proving any claim by a preponderance of the evidence, it

4

means you must be persuaded by the evidence that the claim is more probably true than not true.

5

You should base your decision on all of the evidence, regardless of which party presented

6

it.

7

8

Source:  Ninth Circuit Manual of Model Civil Jury Instructions 1.6

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 3 Re What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I [may instruct] [have instructed] you to accept as proved.

Source:  Ninth Circuit Manual of Model Civil Jury Instructions 1.9

**Stipulated Instruction No. 4 Re What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Ninth Circuit Manual of Model Civil Jury Instructions 1.10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 5 Re Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source:  Ninth Circuit Manual of Model Civil Jury Instructions 1.12

1

**Stipulated Instruction No. 6 Re Ruling on Objections**

2

3        There are rules of evidence that control what can be received into evidence. When a

4    lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that

5    it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the

6    question may be answered, or the exhibit received. If I sustain the objection, the question cannot

7    be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question,

8    you must ignore the question and must not guess what the answer might have been.

9        Sometimes I may order that evidence be stricken from the record and that you disregard or

10   ignore that evidence. That means when you are deciding the case, you must not consider the

11   stricken evidence for any purpose.

12

13   Source:  Ninth Circuit Manual of Model Civil Jury Instructions 1.13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 7 Re Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case, if any;

5.  the witness's bias or prejudice, if any;

6.  whether other evidence contradicted the witness's testimony;

7.  the reasonableness of the witness's testimony in light of all the evidence; and

8.  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source:  Ninth Circuit Manual of Model Civil Jury Instructions 1.14

1

**Disputed Instruction No. 8 Re Taking Notes Offered by Fitbit**

2      If you wish, you may take notes to help you remember the evidence. If you do take notes,

3   please keep them to yourself until you go to the jury room to decide the case. Do not let

4   notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room]

5   [envelope in the jury room]. No one will read your notes.

6      Whether or not you take notes, you should rely on your own memory of the evidence.

7   Notes are only to assist your memory. You should not be overly influenced by your notes or those

8   of other jurors.

9

10   **Source:** Ninth Circuit Manual of Model Civil Jury Instructions 1.18

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **Parties' Responses to Disputed Instruction No. 8 Re Taking Notes**

2

3   <u>**Plaintiffs' Statement**</u>:

4       Plaintiffs object to Fitbit's proposed instruction. This instruction seeks to invade the

5   province of the jury by informing the jury on how deliberations should be conducted at the

6   conclusion of the case. *Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir. 2000) ("In reviewing jury

7   instructions, we 'consider whether the instructions—taken as a whole and viewed in context of

8   the entire trial—were misleading or confusing, inadequately guided the jury's deliberations, or

9   improperly intruded on the fact finding process.'").

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>Fitbit's Statement</u>**:

2

      Plaintiffs articulate no prejudice or confusion that would result from providing this

3

instruction to the jury.  Indeed, it clarifies what the jury may do with notes taken during trial and

4

how it may use them.  This instruction in no way "invades the province of the jury."  Fitbit

5

submits that the instruction should be given.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 9 Re Expert Opinion**

You have heard testimony from experts in this case who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source:  Ninth Circuit Manual of Model Civil Jury Instructions 2.13

1

## Stipulated Instruction No. 10 Re Evidence in Electronic Format

2

3        Those exhibits received in evidence that are capable of being displayed electronically will

4    be provided to you in that form, and you will be able to view them in the jury room. A computer,

5    projector, printer and accessory equipment will be available to you in the jury room.

6        A court technician will show you how to operate the computer and other equipment; how

7    to locate and view the exhibits on the computer; and how to print the exhibits. You will also be

8    provided with a paper list of all exhibits received in evidence. You may request a paper copy of

9    any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need

10   additional equipment or supplies or if you have questions about how to operate the computer or

11   other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one

12   or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

13       If a technical problem or question requires hands-on maintenance or instruction, a court

14   technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of

15   assuring that the only matter that is discussed is the technical problem. When the court technician

16   or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the

17   court technician or any nonjuror other than to describe the technical problem or to seek

18   information about operation of the equipment. Do not discuss any exhibit or any aspect of the

19   case.

20       The sole purpose of providing the computer in the jury room is to enable jurors to view

21   the exhibits received in evidence in this case. You may not use the computer for any other

22   purpose. At my direction, technicians have taken steps to ensure that the computer does not

23   permit access to the Internet or to any "outside" website, database, directory, game, or other

24   material. Do not attempt to alter the computer to obtain access to such materials. If you discover

25   that the computer provides or allows access to such materials, you must inform the court

26   immediately and refrain from viewing such materials. Do not remove the computer or any

27   electronic data [disk] from the jury room, and do not copy any such data.

28   Source:  Ninth Circuit Manual of Model Civil Jury Instructions 2.16

1

**Stipulated Instruction No. 11 Re Duty to Deliberate**

2

3

Before you begin your deliberations, elect one member of the jury as your presiding juror.

4

The presiding juror will preside over the deliberations and serve as the spokesperson for the jury

in court.

5

6

You shall diligently strive to reach agreement with all of the other jurors if you can do so.

7

Your verdict must be unanimous.

8

Each of you must decide the case for yourself, but you should do so only after you have

9

considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

10

It is important that you attempt to reach a unanimous verdict but, of course, only if each of

11

you can do so after having made your own conscientious decision. Do not be unwilling to change

12

your opinion if the discussion persuades you that you should. But do not come to a decision

13

simply because other jurors think it is right or change an honest belief about the weight and effect

14

of the evidence simply to reach a verdict.

15

16

Source:  Ninth Circuit Manual of Model Civil Jury Instructions 3.1

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 12 Re Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Source:  Ninth Circuit Manual of Model Civil Jury Instructions 3.3

**Disputed Instruction No. 13 Re "Class Action" Defined Offered by Fitbit**

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." Plaintiff James P. Brickman brings this action as the class representative for Florida class members and Plaintiff Margaret Clingman brings this action as the class representative for California class members.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Because of the large number of claims that are at issue in this case, not everyone in the class will testify. You may assume that the evidence at this trial applies to all class members except as I specifically tell you otherwise. All members of the class will be bound by the result of this trial.

I will now specifically tell you the evidence that you may not assume applies to all class members:

1. To the extent you heard testimony from a plaintiff that he or she saw, read, heard, or was otherwise exposed to a Fitbit statement regarding sleep tracking, you may not assume this evidence applies to anyone except that individual;

2. To the extent you heard testimony from a plaintiff regarding his or her interpretation or understanding of a Fitbit representation regarding sleep tracking, you may not assume this evidence applies to anyone except that individual;

3. To the extent you heard testimony from a plaintiff that he or she was misled by a Fitbit representation, you may not assume this evidence applies to anyone except that individual;

4. To the extent you heard evidence that a plaintiff relied on such a statement in making his or her decision to buy a Fitbit sleep-tracking device, you may not assume that this evidence about reliance applies to anyone except that individual;

5. To the extent that you heard evidence from a plaintiff that such a statement was important to him or her in deciding to buy his or her Fitbit sleep-tracking device, you may not assume it was material for anyone except that individual;

6. To the extent that you heard evidence from a plaintiff regarding how much he or she paid for his or her Fitbit device, or the sleep tracking function in particular, you may not assume this evidence applies to anyone except that individual;

7.  To the extent you heard evidence from a plaintiff concerning the amount he or she was harmed, you may not assume that evidence applies to anyone except that individual; and

8.  To the extent you heard evidence from a plaintiff that he or she personally observed irregularities in sleep-tracking data, you may not assume that evidence applies to anyone except that individual.

In this case, the classes consist of the following:

**Florida Class:**  All Florida residents who have purchased and registered online a Fitbit Flex, One, or Ultra in the State of Florida between 2009 and October 27, 2014.

**California Class:**  All California residents who have purchased and registered online a Fitbit Flex, One, or Ultra in the State of California between 2009 and October 27, 2014.

Not all claims are brought on behalf of a class, which I will explain in more detail when I instruct you on the specific claims.

**Source:**  CACI No. 115 [modified].

**Parties' Responses to Disputed Instruction No. 13 Re "Class Action" Defined**

**Plaintiffs' Statement:**

Plaintiffs' do not dispute this entire proposed instruction. Plaintiffs' dispute the additional language not found in CACI No. 115. Specifically, Plaintiffs object to the portion of the proposed instruction that states that evidence with respect to one person cannot be considered as evidence to the class as a whole, as well as the items listed in numbers 1 through 8. There is no such language in the model instruction, and no authority for this position has been cited.

Jury instructions must be supported by the law, which these are not.  See e.g. *U.S. v. Cannon*, 472 F.2d 144 (9th Cir. 1972) (jury instructions must be supported by the authorities cited); *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc) (jury instructions must be a correct statement of the law); *GSI Technology, Inc. v. United Memories, Inc.*, 2016 WL 3035699 (N.D. Cal. 2016) ("Jury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading."); *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883 (9th Cir. 2008) ("General rule is that Court of Appeals reviews jury instructions to determine whether, taken as a whole, they mislead the jury or state the law incorrectly to the prejudice of the objecting party…"); *Gracie v. Gracie*, 217 F.3d 1060 (9th Cir. 2000) ("In reviewing jury instructions, we "consider whether the instructions—taken as a whole and viewed in context of the entire trial—were misleading or confusing, inadequately guided the jury's deliberations, or improperly intruded on the fact finding process.").

Case law is clear that reliance can be presumed class-wide if the representations were made to the class.  See e.g. *Low v. Trump University, LLC*, 2016 WL 6647793 (S.D. Cal. 2016) ("If the trial court finds that material misrepresentations have been made to the entire class, an inference of reliance arises as to the class.  To obtain the inference of reliance, Plaintiffs therefore must establish that the misrepresentations were (1) material and that they were (2) uniformly

made to the entire class. The Court has already addressed materiality and will address only the issue of uniformity here."); *In re Vioxx Class Cases*, 103 Cal. Rptr. 3d 83, 95 (Cal. Ct. App. 2009) (same); *Mezzadri v. Medical Depot, Inc*., 2016 WL 5107163 (S.D. Cal. 2016) ("As an initial matter, the parties do not dispute that Plaintiff's claims brought under the UCL, FAL, CLRA, and California common law require some showing of reliance upon the misrepresentations. If plaintiffs were required to prove individual reliance in all class actions brought under these statutes, class certification would never be possible as individual issues would always predominant over issues common to the class. Fortunately for Plaintiff, the California consumer protection laws permit plaintiffs to invoke a presumption of reliance."); *Vaccarino v. Midland Nat. Life Ins. Co*., 2013 WL 3200500 (C.D. Cal. 2013) ("As numerous courts have found, where a defendant allegedly makes written representations to the class as a whole, a presumption of reliance may arise."); *Vasquez v. Superior Court*, 4 Cal.3d 800, 94 Cal.Rptr. 796, 484 P.2d 964 (1971) (reliance may be presumed on a classwide basis where the defendant communicates the same material misrepresentations to the class).

Plaintiffs therefore object to the section of the proposed instruction that begins "I will now specifically tell you the evidence that you may not assume applies to all class members" and the items listed 1 through 8 that follow. This extraneous language inserted in this instruction seeks to confuse and mislead the jury. It does not comport with the model rule cited nor is it an accurate statement of the law. Further, this instruction attempts to retread and impede upon legal issues that have previously been addressed by this Court.

**<u>Fitbit's Statement</u>:**

This proposed jury instruction correctly states the law and should be given as written. Class certification is a procedural device; it does not relieve Plaintiffs of their burden to prove each element of their claims at trial on behalf of all who assert those claims. And while multiple methods exist for managing a jury trial of individual and class claims, use of anecdotal evidence (by just two class members no less) is not one of them. *See* Fed. Judicial Ctr., Manual For Complex Litig. (4th ed. 2004), at 306-07 & n.943-47 (surveying potential trial approaches for resolving class claims, including deferring individual issues for later determination, test case approach, summary jury trials, use of court-appointed experts, or use of administrative models to administer damage awards; no mention of anecdotal approach Plaintiffs intend to use here). As discussed in Fitbit's Motion *in Limine* No. 2, which Fitbit incorporates by reference, multiple courts have held that anecdotal evidence does not suffice to prove the precise claims and elements at issue in this litigation. (*See* Fitbit's Mot. *in Limine* No. 2 at 2:5-3:23); *see also Churchill Vill., L.L.C. v. Gen. Elec. Co.*, 169 F. Supp. 2d 1119, 1130-31 (N.D. Cal. 2000) (finding anecdotal evidence from two consumers insufficient under "reasonable consumer" standard); *Haskell v. Time, Inc.*, 965 F. Supp. 1398, 1407-08 (E.D. Cal. 1997) (finding evidence from "few" customers and one professor of rhetoric failed to show statements were misleading under "reasonable consumer" standard).

CACI 115, as modified by Fitbit, captures these well-established propositions. It correctly states that the jury is not permitted to assume, based on one witness's anecdotal testimony, that *all* members of Plaintiffs' California and Florida classes saw, heard, interpreted, or valued Fitbit's packaging statements in the same way.

Even though a presumption of reliance may be available for certain of Plaintiffs' claims, Plaintiffs still must prove entitlement to that presumption. They must provide a foundation in the

1

2

form of proof that the ***entire class*** was exposed to the same representations.  *See In re Hyundai &*

*Kia Fuel Econ. Litig.*, Nos. 15-56014, 15-56025, et al., 2018 WL 505343, at *13-*14 (9th Cir.

Jan. 23, 2018); *Sevidal v. Target Corp.*, 189 Cal. App. 4th 905, 928-29 (2010) (when most class

members probably did not see the "Made in USA" representation, no presumption of reliance for

CLRA or UCL claim); *In re Vioxx Class Cases,* 180 Cal. App. 4th 116, 129 (2009) ("[I]f the issue

of materiality or reliance is a matter that would vary from consumer to consumer, the issue is not

subject to common proof.").  This very issue is addressed in Fitbit's pending motion to decertify

Plaintiffs' classes based on the Ninth Circuit's recent decision in *In re Hyundai*.  (*See* Dkt. No.

207.)   As set forth in Fitbit's decertification motion, which Fitbit incorporates by reference,

Plaintiffs have no common evidence of exposure across their classes.  As a result, they cannot

claim an entitlement to a presumption of reliance.

Fitbit's proposed instruction No. 13 accurately reflects the law and the facts of this case.

It should be given to the jury as written.

**Disputed Instruction No. 14 Re Violation of California Consumers Legal Remedies Act**

**Offered by Fitbit**

Plaintiff Clingman and California class members claim that Fitbit engaged in unfair methods of competition and unfair or deceptive acts or practices in a transaction that resulted, or was intended to result, in the sale or lease of goods or services to a consumer, and that Plaintiff Clingman and California class members were harmed by Fitbit's violation.  To establish this claim, Plaintiff Clingman and California class members must prove all of the following:

1. That Plaintiff Clingman and California class members acquired, or sought to acquire, by purchase or lease, Fitbit devices for personal, family, or household purposes;

2. That Fitbit represented that its devices had characteristics, uses, or benefits that it did not have;

3. That Plaintiff Clingman and California class members were harmed; and

4. That Plaintiff Clingman's and California class members' harm resulted from Fitbit's conduct.

Plaintiff Clingman's and California class members' harm resulted from Fitbit's conduct if Plaintiff Clingman and California class members relied on Fitbit's representation. To prove reliance, Plaintiff Clingman need only prove that the representation was a substantial factor in her decision. She does not need to prove that it was the primary factor or the only factor in the decision.

Plaintiff Clingman must prove her actual reliance on Fitbit's representations.  However, Plaintiff Clingman and California class members do not necessarily need to show actual reliance on the part of every class member.  If Plaintiff Clingman and California class members prove that all class members have been exposed to the same material misrepresentations, classwide reliance may be inferred unless rebutted by Fitbit.  A fact is material if a reasonable consumer would consider it important in deciding whether to buy or lease the devices.

**Source:**  CACI No. 4700 [modified].

**Disputed Instruction No. 14 Re Violation of California Consumers Legal Remedies Act**

**Offered by Plaintiffs**

Margaret Clingman as the Class Representative Plaintiff claims that Fitbit engaged in unfair methods of competition and unfair or deceptive acts or practices in a transaction that resulted, or was intended to result, in the sale or lease of goods or services to a consumer, and that Margaret Clingman and the class were harmed by Fitbit's violation.  To establish this claim, Margaret Clingman and the class must prove all of the following:

1.      That Margaret Clingman purchased the Fitbit device during the relevant class period;

2.      That Fitbit represented that its goods had characteristics, uses, and/or benefits that they did not have; represented that its devices were of a particular standard or quality, when they are of another; advertised goods or services with intent not to sell them as advertised;

3.      That Margaret Clingman and the California class were harmed;

4.      That Margaret Clingman and the California class's harm resulted from Fitbit's conduct.  To prove reliance, Margaret Clingman as Representative Class Plaintiff need only prove that the representation (track hours slept, number of awakenings, and sleep quality) was a substantial factor in her decision to buy the Fitbit product. She does not need to prove that it was the primary factor or the only factor in the decision.  If Fitbit's representation of fact was material, reliance may be inferred. A fact is material if a reasonable consumer would consider it important in deciding whether to buy the Fitbit device.

Source:  Judicial Council of California Civil Jury Instructions 4700; Civ. Code, § 1770

**Parties' Responses to Disputed Instruction No. 14 Re Violation of California Consumers Legal Remedies Act**

**<u>Plaintiffs' Statement</u>**:

Plaintiffs object to Fitbit's proposed instruction. This instruction is attempting to re-litigate matters already considered by this Court. Under the law of the case doctrine, a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case." *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc); *Genesis Insurance Company v. Magma Design Automation, Inc.*, 705 Fed.Appx. 505 (9th Cir. 2017) ("Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case."); *United States v. Lummi Nation*, 763 F.3d 1180, 1185 (9th Cir. 2014) (same). The doctrine "presumptively bars the Court from reexamining [the same] issue." *Chae v. SLM Corporation*, 2008 WL 11342464 (C.D. Cal. 2008).

In its order granting class certification, this Court already addressed reliance, stating "individual reliance is not required for the California UCL, the Florida DUTPA, or either state's quasi-contract/unjust enrichment claims… In addition, reliance may be inferred for the CLRA and California common law claims when the facts show that material misrepresentations were made to the entire class… Plaintiffs have amply established materiality and class-wide exposure with evidence that Fitbit expressly called out the sleep functionality for all devices using the same bundle of representations that potential buyers would unquestionably find significant." Order re Class Certification, Dkt. No. 194, p. 10.

Further, this instruction will improperly confuse and mislead the jury. *Gracie v. Gracie*, 217 F.3d 1060 (9th Cir. 2000) ("In reviewing jury instructions, we "consider whether the instructions—taken as a whole and viewed in context of the entire trial—were misleading or

1
2
3
4
5
6
7
8

confusing, inadequately guided the jury's deliberations, or improperly intruded on the fact finding process.")  An instruction may not be "given where it is not supported by the evidence or is likely to mislead the jury."  *Harb v. City of Bakersfield*, 233 Cal.App.4th 606, 183 Cal.Rptr.3d 59 (Cal. App. 2015); See also *Dang v. Cross*, 422 F.3d 800 (9th Cir. 2005) (""[j]ury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading."); *Moore v. Richmond Police Dept.*, 497 Fed.Appx. 702, 2012 WL 5352972 (9th Cir. 2012) (same).

9
10
11
12
13

Lastly, Plaintiffs assert a continuing objection to all proposed instructions that include the use of "Plaintiff Clingman/Brickman and the California/Florida class" as it is confusing and misleading. Plaintiffs request that these references should be changed to "Plaintiff Clingman/Brickman as the Class Representative."

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    **Fitbit's Statement**:

2         Fitbit objects to Plaintiffs' proposed instruction because it omits an essential part of CACI

3    No. 4700.  Fitbit's proposed instruction includes this part and further clarifies the law for the jury.

4    As is true for many of Plaintiffs' instructions and proposed revisions to instructions, Plaintiffs'

5    proposal sacrifices accuracy and completeness for purported simplicity.  But neither simplicity,

6    nor the Court's prior, non-dispositive orders in this case, relieve the parties and the Court of the

7    duty to present clear and accurate instructions to the jury.

8         Plaintiffs must prove reliance as an element of their claim for violation of CLRA, and

9    their modification of CACI No. 4700 disregards that essential element of their claim.  CACI No.

10   4700 (citing *Nelson v. Pearson Ford Co.*, 186 Cal. App. 4th 983, 1022 (2010), *disapproved of on*

11   *other grounds in Raceway Ford Cases*, 2 Cal. 5th 161, 180 (2016).)  Plaintiffs omit the following

12   portion taken straight from CACI No. 4700:

13            [[Name of plaintiff]'s harm resulted from [name of defendant]'s conduct if
              [name of plaintiff] relied on [name of defendant]'s representation.
14

15        Plaintiffs offer no justification for why this established legal standard should be modified.

16        Fitbit also relies on CACI No 4700, but includes the essential element of reliance that

17   Plaintiffs omit.  Fitbit further modifies one sentence in the last paragraph of CACI No. 4700 with

18   a more complete explanation of reliance in the context of a class action:

19            **Original:**  If [*name of defendant*]'s representation of fact was
              material, reliance may be inferred.

20            **Modified:**  Plaintiff Clingman must prove her actual reliance on Fitbit's
              representations.  However, Plaintiff Clingman and California class
21            members do not necessarily need to show actual reliance on the part of
              every class member.  If Plaintiff Clingman and California class members
22            prove that all class members have been exposed to the same material
              misrepresentations, classwide reliance may be inferred unless rebutted by
23            Fitbit.

24        As the instructions for CACI No. 4700 explain, "In a misrepresentation claim, the plaintiff

25   must have relied on the information given."  CACI No. 4700 (citing *Nelson*, 186 Cal. App. 4th at

26   1022).  "An element of reliance is that the information must have been material (or important)."

27   CACI No. 4700 (citing *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 256 (2011).)

28

1       As discussed in Fitbit's concurrently-filed Motion *in Limine* No. 2, Mr. Brickman and

2   Ms. Clingman cannot prove reliance for the entire class by relying on their own experience with

3   their personal Fitbit devices, or their own personal exposure to any advertising, to prove that the

4   entire class had *the same* experience and relied upon *the same* representations.  Fitbit's version of

5   Jury Instruction No. 14 clarifies Plaintiffs' burden in a class action such as this one.  *See In re*

6   *Vioxx Class Cases*, 180 Cal. App. 4th 116, 133 (2009) (affirming trial court's decision not to

7   presume reliance on ground that plaintiffs had failed to show materiality in absence of "common

8   evidence as to what consumers perceived or what they would find material"); *Gonzalez v. Proctor*

9   *& Gamble Co.*, 247 F.R.D. 616, 624-25 (S.D. Cal. 2007) ("Plaintiff's allegations that a class of

10   consumers, who may have seen all, some, or none of the advertisements that form the basis of

11   Plaintiff's suit, does not allow an inference of common reliance or liability.")

12       While Plaintiffs need only prove *actual* reliance on an individual basis, they have no

13   evidence of *any* reliance for any other class members.  (*See, e.g.*, Dkt. No. 130 (Mot. for Class

14   Cert.) at 15:18-17:7.)  Fitbit's added sentence clarifies the scope of inferences that the jury can

15   make about reliance in a class action.  *See supra* (". . . if all class members have been exposed to

16   the same material misrepresentations, class-wide reliance may be inferred unless rebutted by

17   Fitbit").

18       For the reasons outlined above, the Court should adopt Fitbit's version of Jury Instruction

19   No. 14.

20

21

22

23

24

25

26

27

28

1   **Disputed Instruction No. 15 Re Reliance – Anecdotal Evidence Not Permitted Offered by**

2   **Fitbit**

3       Under the reasonable consumer standard, Plaintiff Clingman and California class

4   members must show that Fitbit's advertising was likely to mislead the public, not simply that it

5   <u>could</u> mislead the public.  Likely to deceive implies more than a mere possibility that a statement

6   might conceivably be misunderstood by some few consumers viewing it in an unreasonable

7   manner.  Rather the phrase indicates that the statement is such that it is probable that a significant

8   portion of the consuming public or of targeted consumers, acting reasonably under the

9   circumstances, could be misled.

10      Anecdotal evidence alone is insufficient to prove that the public is likely to be misled.

11  Plaintiff Clingman and California class members must demonstrate by extrinsic evidence, such as

12  consumer survey evidence, that the challenged statements tend to mislead consumers.

13

14  **Authorities:**  *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1182 (9th Cir. 2003); *Ries v. Arizona*

15  *Beverages USA LLC*, No. 10-01139 RS, 2013 WL 1287416, at *6 (N.D. Cal. Mar. 28, 2013).

16

17

18

19

20

21

22

23

24

25

26

27

28

**Parties' Responses to Disputed Instruction No. 15 Re Reliance – Anecdotal Evidence Not Permitted**

**Plaintiffs' Statement**:

Plaintiffs object to Fitbit's proposed instruction. This instruction includes language regarding anecdotal evidence, stating "[a]necdotal evidence alone is insufficient to prove that the public is likely to be misled. Plaintiff Clingman and California class members must demonstrate by extrinsic evidence, such as consumer survey evidence, that the challenged statements tend to mislead consumers." For this proposition, Defendant cites *Rice v. Fox Broad. Co*., 330 F.3d 1170, 1182 (9th Cir. 2003) and *Ries v. Arizona Beverages USA LLC*, No. 10-01139 RS, 2013 WL 1287416, at *6 (N.D. Cal. Mar. 28, 2013).

However, this is a misstatement of the law and an attempt to erroneously impose a burden on Plaintiffs that does not exist. In *Mullins v. Premier Nutrition Corporation*, 178 F.Supp.3d 867, 890 (N.D. Cal. 2016), the court stated "[t]his is an area, however, where the California statutes break ranks with the federal statutes: California courts have expressly rejected the 'view that a plaintiff must produce a consumer survey or similar extrinsic evidence to prevail on a claim that the public is likely to be misled by a representation.'" (quoting *Consumer Advocates v. Echostar Satellite Corp*., 113 Cal.App.4th 1351, 1362, 8 Cal.Rptr.3d 22 (2003)); see also *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal.App.4th 663, 681–82, 38 Cal.Rptr.3d 36 (2006) (holding that federal cases requiring "'extrinsic evidence,' such as expert testimony or consumer surveys...do not accurately reflect California law." The *Mullins* Court further noted that "while '[s]urveys and expert testimony regarding consumer assumptions and expectations may be offered,' they are not required to prove consumers held a false belief communicated by the advertisements." *Mullins*, 178 F. Supp. 3d at 890 (quoting *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1026 (9th Cir. 2008)).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        Further, this instruction is not taken from a model rule. Instead, it attempts to impede on

rulings made by this Court. In denying Fitbit's motion for summary judgment, this Court already

explained "[o]n likelihood of deception, plaintiffs have enough evidence to permit a reasonable

jury to find that Fitbit's representations about the devices' ability to track sleep quality, hours

slept, and awakenings may have been misleading, and so deceptive."  See Order re Summary

Judgment, Dkt. No. 195, p. 8.

**Fitbit's Statement:**

Fitbit's proposed instruction should be given because it clarifies the "reasonable consumer" standard as set forth in the law.

It is well-settled that "violations of the UCL, FAL, and CLRA are evaluated from the vantage point of a 'reasonable consumer'." *E.g.*, *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) (citation omitted); *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1032 (N.D. Cal. 2014) ("Courts analyzing such claims under the CLRA employ the 'reasonable consumer' test, which requires Plaintiff to show that 'members of the public are likely to be deceived by the business practice or advertising at issue'"). Fitbit's instruction assists the jury in understanding what precisely the standard entails.

Further, the Court finding that Plaintiffs' evidence was sufficient to survive summary judgment has no bearing on Plaintiffs' burden of proof at trial. Plaintiffs still bear the burden of proving at trial that Fitbit's statements were likely to deceive under the "reasonable consumer" standard for its CLRA claim. *Ries*, 2013 WL 1287416, at *3. In ruling on summary judgment, the Court indicated what a jury *could* find: "[o]n likelihood of deception, plaintiffs have enough evidence ***to permit a reasonable jury to find*** that Fitbit's representations about the devices' ability to track sleep quality, hours slept, and awakenings may have been misleading, and so deceptive." (Dkt. No. 195 at 8 (emphasis added).) It did not rule that "likelihood of deception" was a foregone conclusion.

Lastly, Plaintiffs take issue with Fitbit's direct quote from case law setting forth the reasonable consumer standard because it includes mention of "consumer survey evidence." *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1182 n.8 (9th Cir. 2003) ("[T]o prevail, plaintiff must demonstrate by extrinsic evidence, such as consumer survey evidence, that the challenged statements tend to mislead consumers."); *Ries v. Arizona Beverages USA LLC*, No. 10-01139 RS,

1   2013 WL 1287416, at *6 (N.D. Cal. Mar. 28, 2013) ("[T]o prevail, plaintiff must demonstrate by

2   extrinsic evidence, such as consumer survey evidence, that the challenged statements tend to

3   mislead consumers.").  But Fitbit's instruction does not indicate that consumer survey evidence is

4   required.  Rather, it includes survey evidence as an example of the type of evidence Plaintiffs

5   must proffer to establish that the statements at issue are likely to mislead.

6          Fitbit is, however, willing to remove the "such as consumer survey evidence" language if

7   doing so obviates Plaintiffs' objections.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 16 Re California Common Law Fraud Offered by Fitbit**

Plaintiff Clingman and California class members claim that Fitbit made a false representation that harmed them.  To establish this claim, Plaintiff Clingman and California class members must prove all of the following:

1.  That Fitbit represented to Plaintiff Clingman and California class members that a fact was true;

2.  That Fitbit's representation was false;

3.  That Fitbit knew that the representation was false when it made it, or that it made the representation recklessly and without regard for its truth;

4.  That Fitbit intended that Plaintiff Clingman and California class members rely on the representation;

5.  That Plaintiff Clingman and California class members reasonably relied on Fitbit's representation;

6.  That Plaintiff Clingman and California class members were harmed; and

7.  That Plaintiff Clingman's and California class members' reliance on Fitbit's representation was a substantial factor in causing their harm.

**Source:**  CACI No. 1900 without modification.

1

2

**Disputed Instruction No. 16 Re California Common Law Fraud Offered by Plaintiffs**

3

Margaret Clingman as the Class Representative Plaintiff claims that Fitbit made a false

4

representation that harmed them. To establish this claim, Margaret Clingman as Representative

5

Class Plaintiff must prove all of the following:

6

   1.  That Fitbit represented to Margaret Clingman and the classes that a fact was true;

7

   2.  That Fitbit's representation was false;

8

   3.  That Fitbit knew that the representation was false when it made it, or that it made the

9

       representation recklessly and without regard for its truth;

10

   4.  That Fitbit intended that Margaret Clingman and the class relied on the representation;

11

   5.  That Margaret Clingman as Representative Class Plaintiff reasonably relied on Fitbit's

12

       representation;

13

   6.  That Margaret Clingman and the class's were harmed; and

14

   7.  That Margaret Clingman and the class's reliance on Fitbit's representation was a

15

       substantial factor in causing their harm.

16

      Plaintiff Clingman is only required to prove her own actual reliance.  Where material

17

misrepresentations are made to the class, an inference of reliance arises.

18

19

Source:  Judicial Council of California Civil Jury Instructions 1900; *Vasquez v. Superior Court*

20

(1971) 4 Cal.3d 800.

21

22

23

24

25

26

27

28

1

2

**Parties' Responses to Disputed Instruction No. 16 Re California Common Law Fraud**

**Plaintiffs' Statement:**

3

4

5

6

7

8

9

10

11

12

13

14

Fitbit's objection to Plaintiff's Jury Instruction No. 16 is baseless. The Plaintiff's proposed instruction states that Clingman must prove "1.  That Fitbit represented to Margaret Clingman *and the classes* that a fact was true[.]" (Emphasis added.) In spite of the Plaintiffs' proposed instruction expressly stating that Fitbit had to make the representation to the class members, Fitbit claims that "Plaintiffs downplay their requirement to prove the class was exposed to the same representations that Ms. Clingman was." But the Plaintiff's proposed jury instruction *requires* classwide exposure. And, as this Court already held in ruling on class certification, "reliance may be inferred for … California common law claims when the facts show that material misrepresentations were made to the entire class… This applies forcefully here. Plaintiffs have amply established … classwide exposure[.]" *Brickman v. Fitbit, Inc.,* No. 3:15-cv-02077-JD, 2017 WL 5569827, *7 (N.D. Cal. Nov. 20, 2017).

15

16

17

18

19

20

The jury is not bound by this Court's findings of fact. But the Plaintiffs' proposed jury instruction expressly calls on the jury to address the fact of issue of whether Fitbit made a classwide representation of fact. If the jury makes that factual determination, this Court's class certification ruling permits the fraud claim to be tried on a representative basis, as the Plaintiff's proposed jury instruction correctly indicates. If the jury determines that the Plaintiffs have not satisfied the first prong of the jury instruction, then it must rule in Fitbit's favor.

21

22

23

24

Fitbit's proposed jury instruction makes no effort to address the fact that this matter is being tried on a class basis, and incorrectly suggests that the jury must make individual findings of fact with respect to each class member, which the jury could not possibly do, and which the jury is not required to do since this Court has certified a Rule 23 class.

25

26

27

28

**Fitbit's Statement:**

Fitbit proposes CACI No. 1900 without modification.  It should be given as written.  The Court should reject Plaintiffs' modification of the same CACI because Plaintiffs add two unnecessary and misleading insertions.  First, in the opening sentence, they misstate Plaintiff's burden:  they assert that only Ms. Clingman need carry the burden to prove the fraud elements in this case (as opposed to Plaintiff Clingman *and the California class members*).  Second, Plaintiffs add a sentence that demonstrates their misunderstanding of that burden:

> "Plaintiff Clingman is only required to prove her own actual reliance.  Where material misrepresentations are made to the class, an inference of reliance arises."

As discussed in Fitbit's argument in response to Disputed Instruction No. 12, this assertion runs roughshod over Plaintiffs' obligation to prove their claims individually **and** on behalf of all class members.  *See* Fitbit's Argument in Response to Disputed Jury Instruction No. 12, incorporated here by reference.

Plaintiffs' insertion suggests that an "inference of reliance" can be made based on Ms. Clingman's reliance alone.  That is not true, and it suggestively misstates the law.  By inserting this deviation from CACI 1900, which is sufficient without modification, Plaintiffs downplay their requirement to prove the class was exposed to these representations and relied upon them.  They must prove that the class was exposed to the same representations that Ms. Clingman was.  A presumption of reliance only arises *after* Plaintiffs prove exposure on a class-wide basis.  *See In re Hyundai & Kia Fuel Econ. Litig.*, Nos. 15-56014, 15-56025, et al., 2018 WL 505343, at *13-*14 (9th Cir. Jan. 23, 2018); *Sevidal v. Target Corp.*, 189 Cal. App. 4th 905, 928-29 (2010) (when most class members probably did not see the "Made in USA" representation, no presumption of reliance for CLRA or UCL claim); *In re Vioxx Class Cases,* 180 Cal. App. 4th 116, 129 (2009) ("[I]f the issue of materiality or reliance is a matter that would vary from consumer to consumer, the issue is not subject to common proof").

Fitbit's proposed instruction No. 16 is taken from CACI No. 1900 without modification and accurately reflects the law and the burdens Plaintiffs must carry.  It should be given to the jury as written.

**Disputed Instruction No. 17 Re California Negligent Misrepresentation Claim Offered by Fitbit**

Plaintiff Clingman and California class members claim they were harmed because Fitbit negligently misrepresented a fact. To establish this claim, Plaintiff Clingman and California class members must prove all of the following:

1.  That Fitbit represented to Plaintiff Clingman and California class members that a fact was true;

2.  That Fitbit's representation was not true;

3.  That although Fitbit may have honestly believed that the representation was true, Fitbit had no reasonable grounds for believing the representation was true when it made it;

4.  That Fitbit intended that Plaintiff Clingman and California class members rely on this representation;

5.  That Plaintiff Clingman and California class members reasonably relied on Fitbit's representation;

6.  That Plaintiff Clingman and California class members were harmed; and

7.  That Plaintiff Clingman's and California class members' reliance on Fitbit's representation was a substantial factor in causing their harm.

**Source:**  CACI No. 1903 without modification.

**Disputed Instruction No. 17 Re California Negligent Misrepresentation Claim Offered by Plaintiffs**

Margaret Clingman as the Class Representative Plaintiff claims they were harmed because Fitbit negligently misrepresented a fact and or Fitbit was negligent in the research and design of the sleep function of their product (Flex, Ultra and One). To establish this claim, they must prove all of the following:

1. That Fitbit represented to Margaret Clingman and the class that a fact was true;

2. That Fitbit's representation was not true;

3. That although Fitbit may have honestly believed that the representation was true, it had no reasonable grounds for believing the representation was true when it made it;

4. That Fitbit intended that Margaret Clingman and the classes relied on this representation;

5. That Margaret Clingman as Representative Class Plaintiff reasonably relied on Fitbit's representation; and

6. That Margaret Clingman and the classes were harmed.

Plaintiff Clingman is only required to prove her own actual reliance.   Where material misrepresentations are made to the class, an inference of reliance arises.

Source:  Judicial Council of California Civil Jury Instructions 1903; *Vasquez v. Superior Court* (1971) 4 Cal.3d 800.

1
2

**Parties' Responses to Disputed Instruction No. 17 Re California Negligent**

**Misrepresentation Claim**

3

4

**Plaintiffs' Statement:**

5

Fitbit makes the identical objection to Plaintiffs' Proposed Jury Instruction No. 17 as it

6

does to Plaintiffs' Proposed Jury Instruction No. 16. Fitbit's arguments fail for the exact same

7

reasons with respect to Jury Instruction No. 17 as they do for Jury Instruction No. 16: (1) the

8

Plaintiffs' proposed jury instruction requires the jury to find that Fitbit made a classwide

9

representation; (2) if the jury finds that a classwide representation was made, the class claims can

10

be proven on a representative basis by Plaintiff Clingman under Rule 23; and (3) Fitbit's

11

proposed jury instruction disregards the fact that this matter is being tried on a class basis;

12

therefore, the Plaintiffs are not required to prove all of the elements of each claim on an

13

individual basis for each class member.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **Fitbit's Statement:**

2           Fitbit's proposed instruction No. 17 should be given for the same reasons that its

3    instruction No. 16 is proper—Fitbit adopts the CACI instruction without modification.  Plaintiffs'

4    proposed instruction No. 17 suffers from the same deficiencies as their version of No. 16; they

5    propose a modified version that omits any requirement of proof for the class by automatically

6    imputing Ms. Clingman's own personal, idiosyncratic experience onto every single class member.

7    Here, Plaintiffs mirror their alterations to instruction No. 16: first, they assert that only Ms.

8    Clingman need carry the burden to prove negligent misrepresentation on the entire class (rather

9    than Ms. Clingman *and the class*), and second, they add a sentence that demonstrates their

10   misunderstanding of that burden:

11              "Plaintiff Clingman is only required to prove her own actual
               reliance.  Where material misrepresentations are made to the class, an
12              inference of reliance arises."

13          Fitbit incorporates by reference its arguments in response to Disputed Instruction Nos. 12

14   and 16, as they apply with equal force to Plaintiffs' version of this instruction.  Plaintiffs cannot

15   circumvent their burden to prove they are entitled to an inference of class-wide reliance by

16   inserting confusing language into CACIs that should be delivered as-is.

17          Fitbit's proposed instruction No. 16 matches CACI No. 1903 and accurately reflects the

18   law and the burdens Plaintiffs must carry.  It should be given to the jury as written.

19

20

21

22

23

24

25

26

27

28

### Disputed Instruction No. 18 Re Negligence in California Offered by Plaintiffs

Margaret Clingman as the Class Representative Plaintiff claims that she was harmed by Fitbit's negligence. To establish this claim, Margaret Clingman must prove all of the following:

1. That Fitbit was negligent in the research and design of the sleep function by its failure to consult a sleep expert;

2. That Margaret Clingman was harmed because he paid an extra amount of money for a sleep function that did not track hours slept, or awakenings or quality of sleep; and

3. That Fitbit's negligence was a substantial factor in causing Margaret Clingman's harm.


Basic Standard of Care

Negligence is the failure to use reasonable care to prevent harm to oneself or to others. A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in the research and development of Fitbit's sleep function on the One, Flex and Ultra sold 2009 – 2014.

Source: California Model Civil Jury Instructions 400 and 401.

**Parties' Responses to Disputed Instruction No. 18 Re Negligence in California**

**Fitbit's Statement:**

Plaintiffs' proposed instruction on negligence is entirely improper.  It injects a brand-new theory and claim into the case that was never pled and that is neither cognizable nor supported by proof.  "Jury instructions must be supported by the evidence, fairly and adequately cover the issues presented, correctly state the law, and not be misleading."  *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014).  The proposed negligence instruction violates those requirements.

The gravamen of the Fourth Amended Complaint ("4AC")—and every iteration of the complaint that preceded it—is that Fitbit allegedly *misrepresented* the features of its products.  Now, Plaintiffs want to change course and allege that Fitbit had a duty to hire a "sleep expert."  That is not an element of any of Plaintiffs' claims.

Not one of the five different versions of the complaint in this action has included a claim for negligence.  Plaintiffs cannot even amend their pleadings to add a new cause of action on the eve of trial:  "If the moving party was not diligent, the inquiry [on whether to grant leave] should end."  *Neidermeyer v. Caldwell*, No. 16-55233, 2017 WL 6014359, at *5 (9th Cir. Dec. 5, 2017) (internal quotation marks omitted), *see also id*., at *3 (affirming district court's denial of motion for leave to amend complaint after the deadline in the scheduling order).  And if they cannot amend their complaint, they certainly cannot introduce a claim for negligence via their jury instructions.

Plaintiffs' 4AC only pleads "negligent *misrepresentation*," based on allegations that have nothing to do with the research and design of the sleep tracking function.  (4AC ¶¶ 149-154.)  Now they seek to introduce a new claim for negligence that Fitbit's research and design should have included a sleep expert, even though the words "research" and "sleep expert" don't appear in the 4AC, while the word "design" only appears in Plaintiffs' abandoned warranty claims.  (*See* 4AC ¶¶ 116, 132.)

This new purported claim for negligence has never been pled or pursued by Plaintiffs, and they cannot add it now.  As the courts in this circuit have repeatedly held, trial by surprise is not

1   permitted.  *E.g. Drew v. Equifax Info. Servs.*, LLC, 690 F.3d 1100, 1111 (9th Cir. 2012)

2   (affirming district court denial of motion for leave to amend complaint to add cause of action on

3   the eve of trial); *Reed v. Teledyne Sys. Co., Inc.*, Nos. 94-55949, 94-56325, et al., 1996 WL

4   465758, at *1 (9th Cir. Aug. 14, 1996) (same); *see also Neidermeyer*, 2017 WL 6014359, at *3.

5         Fitbit would suffer severe prejudice if forced to defend against a new claim that deviates

6   from the claims and allegations that have guided the course of this case.  Plaintiffs' attempt to

7   amend their pleading in the form of jury instruction is improper and should be rejected.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **Plaintiffs' Statement:**

2        Fitbit argues that the Plaintiffs cannot assert negligence because it is not supported by

3    proof. The Plaintiffs intend to adduce evidence at trial that would support a finding that Fitbit was

4    negligent, on a classwide basis, in failing to retain a sleep expert with respect to the research and

5    design of the sleep function.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **Disputed Instruction No. 19 Re Economic Loss Doctrine Affirmative Defense for California**
2    **Negligence Claim Offered by Fitbit**

3         Under the economic loss doctrine, a product manufacturer's tort liability is limited to

4    damages for physical injuries or damage to property other than the at issue product itself.  If you

5    determine that Plaintiff Clingman and California class members suffered economic (i.e.,

6    monetary) loss for the at issue products only, but no other property damage or personal injury,

7    you must find for Fitbit on Plaintiffs' negligence claim.

8

9    **Source**:  *KB Home v. Superior Court*, 112 Cal. App. 4th 1076, 1079 (2003), *as modified on*

10   *denial of reh'g* (Nov. 19, 2003); *Jimenez v. Superior Court*, 29 Cal. 4th 473, 481, 58 P.3d 450

11   (2002); *Seely v. White Motor Co.*, 63 Cal. 2d 9, 18, 403 P.2d 145 (1965).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Parties' Responses to Disputed Instruction No. 19 Re Economic Loss Doctrine Affirmative**

**Defense for California Negligence Claim**

**Plaintiffs' Statement:**

Plaintiffs object to Fitbit's proposed instruction. This instruction is unnecessary, confusing, prejudicial, and likely to mislead the jury. *Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir. 2000) ("In reviewing jury instructions, we 'consider whether the instructions—taken as a whole and viewed in context of the entire trial—were misleading or confusing, inadequately guided the jury's deliberations, or improperly intruded on the fact finding process.'") Plaintiffs make these objections without waiving their right to lodge future objections to this instruction and reserve their rights to supplement or modify this objection after having the ability to fully consider this proposed instruction and confer with Defendant.

1    **<u>Fitbit's Statement</u>:**

2    The Court should only consider this instruction if it decides that Plaintiffs may rely on a

3    new theory of liability at this late stage of the case.  Fitbit incorporates by reference its response

4    to Disputed Instruction No. 18 in this regard.  If the Court does adopt an instruction for Plaintiffs'

5    new negligence claim, the Court should also adopt Fitbit's proposed instruction on its economic

6    loss doctrine affirmative defense that is only necessitated by Plaintiffs' new negligence theory of

7    liability.  Unlike Plaintiffs' brand new theory, Fitbit asserted the affirmative defense of Economic

8    Loss Doctrine in its Answer to the Plaintiffs' Fourth Amended Complaint.  (Dkt. No. 85 at 21.)

9    Fitbit's proposed instruction on comparative fault is entirely appropriate and is based on

10   the well-settled doctrine of economic loss.  *See, e.g.*, *Seely v. White Motor Co.*, 63 Cal. 2d 9, 18,

11   403 P.2d 145 (1965).  Plaintiffs do not dispute the legal basis for Fitbit's proposed instruction.

12   Fitbit reserves all rights to oppose any new or additional negligence claim.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**Disputed Instruction No. 20 Re Comparative Fault Affirmative Defense for California Negligence Claim Offered by Fitbit**

3

4

5

6

If you decide that Plaintiff Clingman's and California class members' negligence combined with Fitbit's conduct in causing Plaintiff Clingman's and class members' harm, then you must decide the percentage of responsibility for the harm that you attribute to each of them.

7

8

9

10

First, decide the total amount of Plaintiff Clingman and class members' damages for the negligence claim. Then decide the percentage of responsibility that Plaintiff Clingman, California class members, and Fitbit have for the damages. Then reduce the total damages by the percentage of responsibility that you attribute to Plaintiff Clingman and California class members.

11

After you make these calculations, state the reduced damage award in your verdict.

12

13

**Source**:  CACI No. 3960.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

**Parties' Responses to Disputed Instruction No. 20 Re Comparative Fault Affirmative**

**Defense for California Negligence Claim**

<u>**Plaintiffs' Statement:**</u>

4

5

6

7

8

9

10

11

12

Plaintiffs object to Fitbit's proposed instruction. This instruction is unnecessary, confusing, prejudicial, and likely to mislead the jury. *Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir. 2000) ("In reviewing jury instructions, we 'consider whether the instructions—taken as a whole and viewed in context of the entire trial—were misleading or confusing, inadequately guided the jury's deliberations, or improperly intruded on the fact finding process.'") Plaintiffs make these objections without waiving their right to lodge future objections to this instruction and reserve their rights to supplement or modify this objection after having the ability to fully consider this proposed instruction and confer with Defendant.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Fitbit's Statement</u>:**

The Court should only consider this instruction if it decides that Plaintiffs may rely on a new theory of liability at this late stage of the case.  Fitbit incorporates by reference its response to Disputed Instruction No. 18 in this regard.  If the Court does adopt an instruction for Plaintiffs' new negligence claim, the Court should also adopt Fitbit's proposed instruction on its comparative fault affirmative defense that is only necessitated by Plaintiffs' new negligence theory of liability.  Unlike Plaintiffs' brand new theory, Fitbit asserted the affirmative defense of Comparative Fault in its Answer to the Plaintiffs' Fourth Amended Complaint.  (Dkt. No. 85 at 17-18.)

Fitbit's proposed instruction on comparative fault is entirely appropriate and is based on the form instruction at CACI No. 3960 without substantive modification.  Plaintiffs do not dispute the legal basis for Fitbit's proposed instruction.

Fitbit reserves all rights to oppose any new or additional negligence claim.

1

**Stipulated Instruction No. 21 Re Reliance for California Common Law Fraud and**

2

**Negligent Misrepresentation Claims**

3

Plaintiff Clingman and California class members relied on Fitbit's misrepresentation if:

4

1.  The misrepresentation substantially influenced them to buy Fitbit's devices; and

5

2.  They would probably not have bought the devices without the misrepresentation.

6

7

It is not necessary for a misrepresentation to be the only reason for Plaintiff Clingman's and

8

California class members' conduct.

9

10

**Source:**  CACI No. 1907 without modification.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Stipulated Instruction No. 22 Re Reasonable Reliance for California Common Law Fraud**

2

**and Negligent Misrepresentation Claims**

3      In determining whether Plaintiff Clingman's and California class members' reliance on

4   the misrepresentation was reasonable, they must first prove that the matter was material. A matter

5   is material if a reasonable person would find it important in determining his or her choice of

6   action.

7      Only Plaintiff Clingman's actual reliance on Fitbit's representations must be proved.

8   Plaintiff Clingman and California class members do not need to show actual reliance on the part

9   of every class member.  Rather, if all class members have been exposed to the same material

10   misrepresentations, classwide reliance may be inferred unless rebutted by Fitbit.

11      If you decide that the matter is material, you must then decide whether it was reasonable

12   for Plaintiff Clingman and class members to rely on the misrepresentation. In making this

13   decision, take into consideration Plaintiff Clingman's and class members' intelligence,

14   knowledge, education, and experience.

15      However, it is not reasonable for anyone to rely on a misrepresentation that is

16   preposterous. It also is not reasonable for anyone to rely on a misrepresentation if facts that are

17   within their observation show that it is obviously false.

18

19

20   **Source:**  CACI No. 1908 without modification.

21

22

23

24

25

26

27

28

1
2

**Disputed Instruction No. 23 Re California Unjust Enrichment/Quasi-Contract Claim**

**Offered by Fitbit**

3      Plaintiff Clingman and California class members seek to recover under a theory of unjust

4  enrichment.  To recover under a theory of unjust enrichment, Plaintiff Clingman and California

5  class members must prove the following:

6      1.  That Fitbit derived a benefit from Plaintiff Clingman's and California class members'

7          payment for sleep tracking;

8      2.  That Fitbit retained that benefit unjustly because it made misrepresentations about its

9          sleep tracking feature; and

10     3.  That Fitbit benefited at the expense of Plaintiff Clingman and California class

11         members.

12

13  **Authorities:**  *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000); *Dunkin v. Boskey*, 82

14  Cal. App. 4th 171, 198 (2000); *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1662-63

15  (1992).

16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 23 Re California Unjust Enrichment/Quasi-Contract Claim**

**Offered by Plaintiffs**

Margaret Clingman as Representative Class Plaintiff allege that Fitbit has been unjustly enriched as a result of its practices.

To establish this claim, Margaret Clingman and the class must prove all of the following:

1. That Fitbit received a benefit from Margaret Clingman and the classes;

2. That Fitbit retained that benefit; and

3. That it would be unjust for Fitbit to retain that benefit without payment to Margaret Clingman and the class.

Source: *Shum v. Intel Corp.*, 630 F. Supp. 2d 1063 (N.D. Cal. 2009).

**Parties' Responses to Disputed Instruction No. 21 Re California Unjust Enrichment/Quasi-Contract Claim**

**<u>Plaintiffs' Statement</u>**:

Plaintiffs object to Fitbit's proposed instruction. This proposed instruction includes misstatements of Plaintiffs' claims and is unnecessarily confusing. Specifically, "[u]nder California law, the elements of unjust enrichment are: (1) receipt of a benefit; and (2) the unjust retention of the benefit at the expense of another." *Shum v. Intel Corp.,* 630 F. Supp. 2d 1063, 1072 (N.D. Cal. 2009) (citing *Peterson v. Cellco P'ship,* 164 Cal.App. 4th 1583, 1593, 80 Cal.Rptr.3d 316 (2008)).

The proposed instruction includes extraneous information that is not needed and its inclusion will create confusion by the Jury. Lastly, this proposed instruction makes reference to "misrepresentations" without defining that the representations at issue in this case are that the sleep-tracking function could measure "hours slept," "times woken up," and "sleep quality." This, again, is calculated to confuse and mislead the jury. *Gracie v. Gracie*, 217 F.3d 1060 (9th Cir. 2000) ("In reviewing jury instructions, we "consider whether the instructions—taken as a whole and viewed in context of the entire trial—were misleading or confusing, inadequately guided the jury's deliberations, or improperly intruded on the fact finding process.").

Plaintiffs' Proposed Jury Instruction 23, is a clear statement of the law and should be given to the jury.

**Fitbit's Statement**:

Fitbit's proposed instruction is a correct statement of the law, rightfully tracks the only basis for Plaintiffs' unjust enrichment claims, and will ***assist*** the jurors in carrying out their duties.  "A party is entitled to an instruction concerning his or her theory of the case if it is supported by law and has some foundation in the evidence."  *Jenkins v. Union Pac. R.R. Co.*, 22 F.3d 206, 210 (9th Cir. 1994).  Plaintiffs do not—because they cannot—explain why Fitbit's proposed instruction violates either of these principles.

First, Plaintiffs cannot seriously dispute that Fitbit's instruction tracks the substantive basis of their unjust enrichment claims.  In the operative 4AC, Plaintiffs tethered their unjust enrichment claim to Fitbit's alleged misrepresentations, and nothing else:

- "This claim [for unjust enrichment] asserts that it is unjust to allow Defendant to retain profits from its ***deceptive***, ***misleading***, and unlawful conduct alleged herein."  (4AC ¶ 156 (emphasis added));

- "Defendant ***represented*** that this function would perform as stated in its advertising and as alleged above."  (*Id.* ¶ 158 (emphasis added));

- "As detailed above, the sleep-tracking function does not actually work ***as represented*** by Defendant."  (*Id.* ¶ 159 (emphasis added));

- "Because the sleep-tracking function ***was advertised*** as being able to perform in very specific ways when, in reality, it cannot, Defendant collected profit for this ineffective function."  (*Id.* ¶ 160 (emphasis added).)

Second, Fitbit's proposed instruction includes all of the elements for unjust enrichment; it is a correct statement of the law.  Plaintiffs do not argue otherwise.

Third, the evidence to be offered in this case relates to whether or not Fitbit misrepresented the sleep tracking function in its devices; accordingly, Fitbit's proposed

1   instruction, which helps guide the jury as to the sole basis of Plaintiffs' claim for unjust

2   enrichment, will be supported by the evidence.

3   　　　　The cases cited by Plaintiffs do not change the fact that Fitbit's proposed jury instruction

4   is not only proper, but preferable.  In *Gracie v. Gracie*, 217 F.3d 1060 (9th Cir. 2000), for

5   instance, the Ninth Circuit found that the district court did not err in crafting its own jury

6   instruction.  That court also held that "[t]he formulation of jury instructions is within the

7   discretion of the trial court."  *Id.* at 1067.  Here, Fitbit's proposal will ***assist*** the jury in

8   understanding Plaintiffs' unjust enrichment claim and should be adopted by the Court with the

9   jurors' experiences in mind.  Plaintiffs' alternative instruction is vague and leaves the door open

10  for speculation and conjecture.  What does "benefit" mean in this case?  What does "unjust"

11  mean, and how does a juror know whether the proof supports a finding of unjust retention?  These

12  are the most prominent questions the jury will raise during deliberation without more guidance

13  from the Court.  Fitbit's proposal represents a good faith effort to help the jury answer those

14  questions within the confines of the theories of the case and the correct law.  Plaintiffs' proposal,

15  on the other hand, strips all relevant and guiding language from the instruction.  Fitbit's

16  instruction should be adopted over Plaintiffs' competing version.

17

18

19

20

21

22

23

24

25

26

27

28

1

**Stipulated Instruction No. 24 Re Recovery – Proof**

2      It is the duty of the Court to instruct you about the measure of recovery.  By instructing

3  you on recovery, the Court does not mean to suggest for which party your verdict should be

4  rendered.

5      If you find for the Plaintiffs on the Plaintiffs' claims, you must determine how much

6  Plaintiffs are entitled to recover.  The Plaintiffs have the burden of proving what they are entitled

7  to recover by a preponderance of the evidence.  I will explain to you how you are to calculate the

8  amount of recovery for each of Plaintiffs' causes of action.

9      It is for you to determine what amount of recovery, if any, has been proved.

10      Your award must be based upon evidence and not upon speculation, guesswork or

11  conjecture.

12

13  **Source:**  Ninth Circuit Manual of Model Civil Jury Instructions 5.1 [modified].

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **Disputed Instruction No. 25 Re Recovery Based on Multiple Legal Theories Offered by**

2    **Fitbit**

3        Plaintiffs seek recovery from Fitbit under more than one legal theory. However, each item

4    of recovery may be awarded only once, regardless of the number of legal theories alleged.

5        You will be asked to decide whether Fitbit is liable to Plaintiff Brickman and Florida class

6    members under the following legal theories:

7        1.   Violation of Florida Deceptive and Unfair Trade Practices Act; and

8        2.   Florida Unjust Enrichment/Quasi-Contract Claim.

9

10       You will be asked to decide whether Fitbit is liable to Plaintiff Brickman individually

11   under the following legal theories:

12       1.   Florida Common Law Fraud Claim;

13       2.   Florida Negligent Misrepresentation Claim; and

14

15       You will also be asked to decide whether Fitbit is liable to Plaintiff Clingman and

16   California class members under the following legal theories:

17       1.   Violation of California Consumers Legal Remedies Act;

18       2.   California Common Law Fraud;

19       3.   California Negligent Representation Claim; and

20       4.   California Unjust Enrichment/Quasi-Contract Claim.

21

22       The following items of damages are recoverable only once under all of the above legal

23   theories:

24       Price premium paid for sleep-tracking feature based on Fitbit's representations.

25

26   **Source:**  CACI No. 3934 [modified].

27

28

**Disputed Instruction No. 25 Re Recovery Based on Multiple Legal Theories Offered by**

**Plaintiffs**

Plaintiffs seek recovery from Fitbit under more than one legal theory. However, each item of recovery may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether Fitbit is liable to Plaintiff Brickman and Florida class members under the following legal theories:

    3.   Violation of Florida Deceptive and Unfair Trade Practices Act; and

    4.   Florida Unjust Enrichment/Quasi-Contract Claim.

You will be asked to decide whether Fitbit is liable to Plaintiff Brickman individually under the following legal theories:

    3.   Florida Common Law Fraud Claim;

    4.   Florida Negligent Misrepresentation Claim; and

You will also be asked to decide whether Fitbit is liable to Plaintiff Clingman and California class members under the following legal theories:

    5.   Violation of California Consumers Legal Remedies Act;

    6.   California Common Law Fraud;

    7.   California Negligent Representation Claim; and

    8.   California Unjust Enrichment/Quasi-Contract Claim.

The following items of damages are recoverable only once under all of the above legal theories:

    1.   Price premium paid for sleep-tracking feature based on Fitbit's representations.

    2.   An award of punitive damages.

**Source:**  CACI No. 3934 [modified].

1

**Parties' Responses to Disputed Instruction No. 25 Re Recovery Based on Multiple Legal Theories**

2

3

**Plaintiffs' Statement:**

4

Plaintiffs have no objection to Fitbit's proposed instruction. However, Plaintiffs request

5

that the proposed instruction include reference to punitive damages.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **Fitbit's Statement**:

2         Plaintiffs ask to add the following bolded language to this instruction:  "The following

3    items of damages are recoverable only once under all of the above legal theories: . . . **2.    An**

4    **award of punitive damages**."

5         Fitbit has requested that the Court bifurcate trial on the amount of punitive damages to be

6    awarded, if any, in the event that Plaintiffs prevail on the merits and demonstrate an entitlement

7    to punitive damages in the first instance.  (*See* Fitbit's Motion *in Limine* No. 4 to Exclude

8    References to Fitbit's Size and Assets or, in the Alternative, to Bifurcate; *see also* Jt. Pretrial

9    Stmt.)  If the Court agrees and so bifurcates, Plaintiffs' additional language should not be given.

10   Fitbit has no objection to including Plaintiffs' additional language in the event the Court denies

11   bifurcation of the amount of punitive damages.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 26 Re California Common Law Fraud and Negligent**

**Misrepresentation Claims – Introduction to Tort Damages Offered by Fitbit**

If you decide that Plaintiff Clingman and California class members have proved their California common law fraud and/or negligent misrepresentation claims against Fitbit, you also must decide how much money will reasonably compensate Plaintiff Clingman and California class members for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by Fitbit's wrongful conduct, even if the particular harm could not have been anticipated.

Plaintiff Clingman and California class members do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Plaintiff Clingman and the California class members:  the amount they overpaid for their Fitbit devices based on Fitbit's alleged misrepresentations regarding the sleep tracking function.

**Source:**  5-39 California Forms of Jury Instruction [Matthew Bender] 3900 (2017).

**Parties' Responses to Disputed Instruction No. 26 Re California Common Law Fraud and Negligent Misrepresentation Claims – Introduction to Tort Damage**

**Plaintiffs' Statement**:

Plaintiffs object to Fitbit's proposed instruction. Plaintiffs believe that reference to Plaintiff Clingman should be uniform as the representative of the California class.

Further, Plaintiffs object on the basis that the statement regarding damages is incorrect. Specifically, the instruction provides, "[t]he following are the specific items of damages claimed by Plaintiff Clingman and the California class members: the amount they overpaid for their Fitbit devices based on Fitbit's alleged misrepresentations regarding the sleep tracking function." Plaintiff believes that this portion of the instruction should be reworded to read: "[t]he following are the specific items of damages claimed by Plaintiff Clingman and the California class members: Damages are the cost Plaintiffs paid attributable to the sleep-tracking function in Fitbit's products."

Plaintiffs proposed wording change is consistent with this Court's Order certifying the classes, that noted: "Plaintiffs are now committed to seeking damages in the form of the price difference between Fitbit devices with sleep tracking and equivalent devices without it, with adjustments for other feature differences as warranted. Dkt. No. 151 at 15; *see also* Dkt. No. 117-1 at ECF p. 1. They intend to rely on Fitbit documents and witnesses for evidence on these issues. Dkt. No. 151 at 19. This is a perfectly reasonable approach that links the proposed damages directly to plaintiffs' claims that they were deceived into paying a premium for the sleep functionality. *Just Film,* 847 F.3d at 1121. That is all *Comcast* demands. *Id*." Dkt. No. 194, Order re Class Certification, at p. 9.

1    **Fitbit's Statement:**

2        Fitbit's proposed instruction should be given as written because it accurately reflects the

3    law with regard to Plaintiff Clingman's burden and accurately states the measure of damages.  As

4    a preliminary matter, while Fitbit does not necessarily oppose describing Plaintiff Clingman as

5    the representative of the California class," Fitbit does object to removing separate references to

6    the fact that the elements of Plaintiffs' claims must be proven as to Plaintiffs *and* as to the absent

7    class members.  As discussed in Fitbit's statement regarding disputed instruction No. 13, and

8    Fitbit's Motion *in Limine* No. 2, Plaintiffs must prove their claims individually and as to the

9    classes.  A modification that fails to reference Plaintiff Clingman *and* the California class risks

10   unfair prejudice, confuses the issues, and misleads the jury because it suggests that Plaintiff

11   Clingman has no obligation to prove the claims of the class, in addition to her individual claims.

12       Fitbit also objects to Plaintiffs' characterization of damages, which attempts to their

13   arguments regarding what damages *should be* into the jury instructions.  Fitbit's instruction, by

14   contrast, is supported by the law, and takes into account the possibility that the sleep-tracking

15   function had value even in the unlikely event that the jury finds Fitbit misrepresented how the

16   function works.  The jury is charged with determining the amount of damages, if any, within the

17   confines of the law and the evidence.  *See In re Exxon Valdez*, 270 F.3d 1215, 1248 (9th Cir.

18   2001) (jury's damages award cannot be upheld when it is "clearly not supported by the evidence,

19   or based only on speculation or guesswork") (citing *Del Monte Dunes at Monterey, Ltd. v. City of*

20   *Monterey*, 95 F.3d 1422, 1435 (9th Cir.1996)).  Fitbit's instruction provides a basis for the jury to

21   do just that.

22       Finally, Fitbit understands that Plaintiffs will seek to augment the proposed instruction to

23   include a reference to punitive damages.  A separate instruction should be used to guide the jury

24   on the standard for punitive damages; the standard for punitive damages should not be confused

1   with standard for an underlying award for tort damages that the present instruction is meant to

2   establish.  *See, e.g.*, California Forms of Jury Instruction [Matthew Bender] VF-3900 (2017).

**Disputed Instruction No. 27 Re California Common Law Fraud, Negligent Misrepresentation, and Violation of the California Consumers Legal Remedies Act Claims – Damages – "Out of Pocket" Rule Offered by Fitbit**

If you decide that Plaintiff Clingman and the California class have proved their claims for common law fraud, negligent misrepresentation, or violation of the California Consumers Legal Remedies Act against Fitbit, you also must decide how much money will reasonably compensate Plaintiffs and the California class for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that Fitbit was a substantial factor in causing, even if the particular harm could not have been anticipated.

Plaintiff Clingman and the California class must prove the amount of their damages. However, Plaintiff Clingman and the California class do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

To decide the amount of damages you must determine the fair market value of what Plaintiff Clingman and the California class gave and subtract from that amount the fair market value of what they received.

"Fair market value" is the highest price that a willing buyer would have paid on the date of the transaction to a willing seller, assuming:

1. That there is no pressure on either one to buy or sell; and

2. That the buyer and seller know all the uses and purposes for which the Fitbit sleep-tracking devices are reasonably capable of being used.

Plaintiff Clingman and the California class may also recover amounts that they reasonably spent in reliance on Fitbit's false representation if those amounts would not otherwise have been spent.

**Source:** CACI No. 1923 without modification.

1

2

3

**Disputed Instruction No. 27 Re California Common Law Fraud, Negligent**

**Misrepresentation, and Violation of the California Consumers Legal Remedies Act Claims –**

**Damages – "Out of Pocket" Rule Offered by Plaintiffs**

4

5

6

7

8

If you decide that Margaret Clingman as Representative Class Plaintiff has proven their fraud claim against Fitbit, you also must decide how much money will reasonably compensate them for the harm. This compensation is called "damages."  The amount of damages must include an award for all harm that Fitbit was a substantial factor in causing, even if the particular harm could not have been anticipated.

9

10

11

Margaret Clingman as Representative Class Plaintiff must prove the amount of their damages.  However, they do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

12

13

To decide the amount of damages you must determine the value of the sleep function in the Ultra, One and Flex pursuant to the evidence set forth in trial.

14

15

Source:  Judicial Council of California Civil Jury Instructions 1923.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**Parties' Responses to Disputed Instruction No. 27 Re California Common Law Fraud, Negligent Misrepresentation, and Violation of the California Consumers Legal Remedies Act Claims – Damages – "Out of Pocket" Rule**

3

**Plaintiffs' Statement**:

4

5

6

7

8

9

10

11

12

13

14

15

16

Plaintiffs object to Fitbit's proposed instruction from line 17 to the end of the proposed instruction. Plaintiffs' objection is specific to the statement on damages and the "fair market" value computation. This portion of the instruction will confuse the jury and prejudice Plaintiffs. Further, this portion of the proposed instruction is a misstatement of the damages assessment in this case. *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883 (9th Cir. 2008) ("General rule is that Court of Appeals reviews jury instructions to determine whether, taken as a whole, they mislead the jury or state the law incorrectly to the prejudice of the objecting party…"); *Gracie v. Gracie*, 217 F.3d 1060 (9th Cir. 2000) ("In reviewing jury instructions, we "consider whether the instructions—taken as a whole and viewed in context of the entire trial—were misleading or confusing, inadequately guided the jury's deliberations, or improperly intruded on the fact finding process.").

17

18

19

20

Plaintiffs request that this instruction be altered to reflect that the damages in this case reflect the amount of money that Plaintiffs paid attributable to the sleep-tracking function that did not work as represented by Fitbit. See, Proposed Instruction No. 13 – Disputed.

21

22

23

24

25

26

27

28

1

**<u>Fitbit's Statement</u>:**

2

3       The Court should give Fitbit's proposed instruction, which is a verbatim recitation of the

4   model instruction for "Out of Pocket" damages.  This instruction clearly requires that the fair

5   market value act as a constraint to any damages award.  Plaintiffs' objections and proposed

6   changes will mislead and confuse the jury regarding the state of the law and the limitations

7   applicable to an "Out of Pocket" damages award.  They would remove the limitation of fair

8   market value, creating a risk that a juror would award damages for any and all harm that juror

9   perceived was the result of Fitbit's conduct.  In essence, Plaintiffs seek to instruct the jury to

10  award damages without limitation.  That is not the state of the law governing the "Out of Pocket"

11  rule.  *See* S*trategic Diversity, Inc. v. Alchemix Corp.*, 666 F.3d 1197, 1208 (9th Cir. 2012) ("out

12  of pocket" or "market" measure of damages requires reference to fair value of what was

13  received).  Plaintiffs' instruction is a misstatement of the law and would be so prejudicial as to

14  require reversal.  *See, e.g.*, *Clem v. Lomeli*, 566 F.3d 1177 (9th Cir. 2009).

15

16       Secondly and as discussed in Fitbit's argument regarding proposed instruction No. 26,

17  Plaintiffs' proposed revision does not guide the jury toward any acceptable damages calculation.

18  Instead, it impermissibly injects Plaintiffs' damages argument into the instruction.  Plaintiffs'

19  proposed revision should be rejected.

20

21

22

23

24

25

26

27

28

1    **Disputed Instruction No. 28 Re Recovery for California Unjust Enrichment/Quasi-Contract**
2    **Claim Offered by Fitbit**

3          If you find for Fitbit, you will not consider the matter of recovery.  But, if you find for

4    Plaintiff Clingman and California class members on their unjust enrichment claim, you should

5    award them an amount of money to restore Plaintiffs to the position they would have been in had

6    they not overpaid Fitbit for sleep tracking based on Fitbit's representations about sleep tracking.

7

8    **Authorities:**  *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000); *Dunkin v. Boskey*, 82

9    Cal.App.4th 171, 198 (2000); *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1662-63

10   (1992).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 28 Re Recovery for California Unjust Enrichment/Quasi-Contract**

**Claim Offered by Plaintiffs**

If you find that Margaret Clingman as Representative Class Plaintiff has established a claim for unjust enrichment, Plaintiffs are entitled to restitution.

Restitution is defined as restoration of the status quo by the awarding of an amount which would put plaintiff in as good a position as he would have been if no contract had been made and restores to plaintiff value of what he parted with in performing the contract."

In this case Plaintiff alleges that the difference in price between the Fitbit One, Ultra and Flex that all had sleep functions and the Fitbit Zip that did not have a sleep function is the appropriate measure of damages.

Source: *Prakashpalan v. Engstrom, Lipscomb and Lack*, 223 Cal. App. 4th 1105, 167 Cal.Rptr.3d 832 (Cal. App. 2013); *Hong v. Jung Ho Park*, 2011 WL 2323777 (Cal. App. 2011).

1

**Parties' Responses to Disputed Instruction No. 28 Re Recovery for California Unjust**

2

**Enrichment/Quasi-Contract Claim Offered**

3

4

**Plaintiffs' Statement**:

5

Plaintiffs object to Fitbit's proposed instruction. This proposed instruction is a

6

misstatement of the applicable law. See *Hong v. Jung Ho Park,* 2011 WL 2323777, at *6 (Cal.

7

App. 2nd Dist. 2011) ("Restitution is defined 'as restoration of the status quo by the awarding of

8

an "amount which would put plaintiff in as good a position as he would have been if no contract

9

had been made and restores to plaintiff value of what he parted with in performing the contract."

10

(citing *People v. Martinson*, 188 Cal.App.3d 894, 900 (1986)).

11

12

This misstatement of the law will improperly confuse and mislead the jury. *Cascade*

13

*Health Solutions v. PeaceHealth*, 515 F.3d 883, 917 (9th Cir. 2008) ("the general rule is that we

14

'review[] jury instructions to determine whether, taken as a whole, they mislead the jury or state

15

the law incorrectly to the prejudice of the objecting party.'"); *Gracie v. Gracie*, 217 F.3d 1060,

16

1067 (9th Cir. 2000) ("In reviewing jury instructions, we 'consider whether the instructions—

17

taken as a whole and viewed in context of the entire trial—were misleading or confusing,

18

inadequately guided the jury's deliberations, or improperly intruded on the fact finding process.'")

19

20

Plaintiffs further request that this instruction be altered to reflect that if the jury finds in

21

favor of Plaintiffs the Plaintiffs are entitled to a return of the money they paid attributable to the

22

sleep-tracking function that did not work as represented by Fitbit. See, Proposed Instruction No.

23

13 – Disputed.

24

Plaintiffs' request that their Proposed Jury Instruction No. 18 be given as it is a clear,

25

correct, and concise statement of the law.

26

27

28

**<u>Fitbit's Statement</u>:**

      Plaintiffs' proposed instruction is confusing in the way it defines restitution.  Plaintiffs' inclusion of the phrase "restores to plaintiff value of what he parted with in performing the contract" may be appropriate in some cases, but here, where only money damages are at issue, it confuses the jury into thinking that losses other than monetary damages should be compensated for in any monetary award.  It is more appropriate here to simply define restitution in terms of "an amount of money to restore Plaintiffs to the position they would have been in," as Fitbit suggests.

      As explained in Fitbit's argument regarding instruction Nos. 26 and 27, the portion of Plaintiffs' proposed instruction regarding the methodology for calculating damages improperly inserts Plaintiffs' arguments regarding damages into the instruction.  Fitbit's instruction, by contrast, accurately and objectively states the applicable law.

      Finally, Plaintiffs' proposed instruction is confusing and misleading because it references the Fitbit Zip, which is not at issue in this case.  Once again, by including the Zip as the baseline for comparison, Plaintiffs are inserting their arguments regarding the proper amount of damages into the instruction.

      The Court should adopt Fitbit's instruction and reject Plaintiffs' proposed alternative.

1

2

### Disputed Instruction No. 29 Re Punitive Damages Offered by Plaintiffs

3

4

If you find for Margaret Clingman as the Class Representative Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

5

6

7

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

8

9

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

10

11

12

13

14

15

16

17

18

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct [, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case].

19

20

21

22

23

24

25

26

Source:  Ninth Circuit Manual of Model Civil Jury Instructions 5.5.

27

28

1

**Parties' Responses on Disputed Instruction No. 29 Re Punitive Damages**

2

**Fitbit's Statement:**

3

4

Fitbit opposes this instruction as premature until the Court has decided whether to bifurcate the issue of punitive damages or has ruled on Fitbit's Motion *in Limine* No. 4 to Exclude References to Fitbit's Size and Assets or, in the Alternative, to Bifurcate.  The parties dispute whether bifurcation of the issue of punitive damages is appropriate here as set forth in the parties' Joint Pretrial Statement and in Fitbit's Motion *in Limine* No. 4.  (*See* Fitbit's Motion *in Limine* No. 4 to Exclude References to Fitbit's Size and Assets or, in the Alternative, to Bifurcate; *see also* Jt. Pretrial Stmt.)  Fitbit maintains that punitive damages should be bifurcated from liability and compensatory damages.  The jury should only be instructed on punitive damages during the first phase of trial if the Court finds that bifurcation of punitive damages is not warranted here.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Plaintiffs' Statement</u>:**

There is no reversible error in reading jury instructions on punitive damages, even in a case that is bifurcated.  See *National Integrated Technologies, Inc. v. Gustavson*, 76 Fed.Appx. 774, 2003 WL 21949166 (9th Cir. 2003) (finding no prejudice in court's reading of punitive damage jury instructions in liability phase of bifurcated trial).

**Disputed Instruction No. 30 Re Violation of Florida Deceptive & Unfair Trade Practices Act**

**Cause of Action Offered by Fitbit**

Plaintiff Brickman and Florida class members claim that Defendant Fitbit is liable to Plaintiffs for money damages for unfair and deceptive trade practices. To recover damages, Plaintiffs must show by the greater weight of the evidence that:

1. Defendant Fitbit has failed to fulfill advertised guarantees with respect to Fitbit's devices' sleep tracking function;

2. Defendant Fitbit's conduct has violated the Federal Trade Commission Act, discussed below; and

3. Defendant Fitbit's conduct was immoral, unethical, oppressive, or unscrupulous, or was substantially injurious to Plaintiffs.

To prove a violation of the Federal Trade Commission Act, Plaintiff Brickman must prove the following:

1. Fitbit's representations about sleep tracking caused or were likely to cause substantial injury to consumers;

2. The substantial injury was not reasonably avoidable by consumers themselves; and

3. The substantial injury was not outweighed by countervailing benefits to consumers.

**Source:**  Florida Forms of Jury Instruction [Matthew Bender] § 65.80 without modification.

**Authorities:**  Fla. Stat. § 501.204; *Day v. Le-Jo Enters., Inc.*, 521 So. 2d 175 (Fla. Dist. Ct. App. 1988); *Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451 (Fla. Dist. Ct. App.1985); 15 U.S.C. § 45(a)(1).

**Disputed Instruction No. 30 Re Violation of Florida Deceptive & Unfair Trade Practices Act**

**Cause of Action Offered by Plaintiffs**

James Brickman as Representative Class Plaintiff alleges that Fitbit violated Florida's Deceptive and Unfair Trade Practices Act.

To establish this claim, James Brickman and the Florida class must prove all of the following:

1. That Fitbit committed a deceptive act or unfair practice;

2. That the cause of James Brickman and the Florida class's injury was the deceptive or unfair practice; and

3. That James Brickman and the class suffered actual damages.

Source:  Fla. Stat. 501.201; *Harari v. Seymour International, Inc.*, 2010 WL 11507179 (M.D. Fla. 2010), 16 CFR § 239.5

**Parties' Responses to Disputed Instruction No. 30 Re Violation of Florida Deceptive & Unfair Trade Practices Act Cause of Action**

**Plaintiffs' Statement**:

Plaintiffs object to Fitbit's proposed instruction. Plaintiffs request that the portion of the instruction referencing the Federal Trade Commission Act be removed. Reference to the Federal Trade Commission Act is a misstatement of the applicable law on the Florida Deceptive & Unfair Trade Practices Act. To prevail on a FDUPTA claim a plaintiff must show:  (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages. *Casey v. Florida Coastal School of Law, Inc.,* 2015 WL 10818746, *2 (M.D. Fla. Sept. 29, 2015); *C&C International Computers and Consultants, Inc. v. Dell Marketing L.P.,* 2011 WL 13217489, *1 (Nov. 07, 2011).

Furthermore, "[a]lthough FDUPTA does not define the terms 'unfair or deceptive act,' courts have held that '[a] deceptive practice is one that is likely to mislead consumers, and an unfair practice is one that offends established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *C&C International,* 2011 WL 13217489 at *1. "[I]t is not necessary to find fraud in order to find that a FDUPTA violation has occurred." *In re David,* 2008 WL 2222069, *9 (S.D. Fla. May 21, 2008).

Lastly, this instruction must include the Fitbit representations at issue in this case that the sleep-tracking function could measure "hours slept," "times woken up," and "sleep quality." Excluding these representations from the instruction prejudice the Plaintiffs, will lead to confusion of the jury, and is calculated to mislead the jury. *Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir. 2000) ("In reviewing jury instructions, we "consider whether the instructions—taken as a whole and viewed in context of the entire trial—were misleading or confusing, inadequately guided the jury's deliberations, or improperly intruded on the fact finding process.'")

**Fitbit's Statement:**

The Court should adopt Fitbit's proposed instruction for this claim because Fitbit has presented a Florida Form Instruction specifically tailored to a cause of action under Florida's Unfair and Deceptive Trade Practices Act.  *See* 3 Florida Forms of Jury Instruction § 65.80 (2018), Instructions for Use.  Fitbit has further included instructions pertaining to Federal Trade Commission Act under 15 U.S.C. § 45(a)(1) because a violation of Florida's Unfair and Deceptive Trade Practices Act is predicated on a violation of another consumer protection "rule, standard, law, statute, regulation, or ordinance."  *See id.* element (2); *see also* Fla. Stat. Ann. § 501.203(3) ("'Violation of this part' means any violation of this act or the rules adopted under this act and may be based upon any of the following . . . (a) Any rules promulgated pursuant to the Federal Trade Commission Act, 15 U.S.C. ss. 41 et seq.; (b) The standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts; or (c) Any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices."); § 501.204(2) ("[D]ue consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1).").

Plaintiffs cannot credibly argue that "[r]eference to the Federal Trade Commission Act is a misstatement of the applicable law on the Florida Deceptive & Unfair Trade Practices Act" when Plaintiffs themselves pled a violation of the FTC Act as the predicate for their Violation of Florida's Deceptive and Unfair Trade Practices Act claim in their Fourth Amended Complaint:

> 136.  Under the Florida Deceptive and Unfair Trade Practices Act, a business act or practice is unlawful if it violates any established state or federal law.

> 137.  The Federal Trade Commission Act prohibits unfair methods of competition, and unfair or deceptive acts or practices in or affecting commerce, which includes that a seller or manufacturer should advertise that its product is warranted or contained a guarantee, if the seller and/or manufacturer intends to fully perform said guarantee. See 16 CFR § 239.5.

1

2
       138.  **Defendant has violated and continues to violate the FTC Act's prohibition on**
3
   **failing to fulfill advertised guarantees with respect to a product** when it represented to
   consumers that the sleep-tracking function of its Fitbit devices can and does make
4
   specific, mathematical measurements and calculations as to the amount and quality of the
   wearer's sleep, as stated above, which it does not.

5
   (Plaintiffs' 4AC ¶¶ 136-138 (emphasis added).)  Indeed, Fitbit relied on Plaintiffs' own words to
6
   conform the Florida Form Instruction to fit the allegations within the complaint.  *Compare*
7
   Fitbit's Proposed Instruction ("failed to fulfill advertised guarantees with respect to Fitbit's
8
   devices' sleep tracking function") *with* Plaintiffs' 4AC ¶ 138 ("failing to fulfill advertised
9
   guarantees with respect to a product").
10

11
       Lastly, Plaintiffs argue that this instruction must include the Fitbit representations at issue
12
   in this case—that the sleep-tracking function could track "hours slept," "times woken up," and
13
   "sleep quality"—but does not include this language in its own proposed version of the instruction.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **Disputed Instruction No. 31 Re Introduction to Florida Common Law Fraud & Negligent**

2    **Misrepresentation Claims Offered by Fitbit**

3          The claims in this case are as follows. Plaintiff Brickman and Florida class members claim

4    that Fitbit fraudulently and negligently misrepresented how Fitbit's sleep-tracking function

5    works, which caused them harm.

6          Fitbit denies that claim.

7          Plaintiffs must prove all claims by a preponderance of the evidence. I will now define

8    some of the terms you will use in deciding this case.

9

10   **Source:**  Florida Standard Jury Instructions in Civil Cases No. 409.2 [modified].

1   **Parties' Responses to Disputed Instruction No. 31 Re Introduction to Florida Common Law**

2   **Fraud & Negligent Misrepresentation Claims**

3

4   **Plaintiffs' Statement**:

5       Plaintiffs' claim is that Fitbit sold devices with sleep-tracking functionality to consumers

6   and represented that those products could measure "hours slept," "times woken up," and "sleep

7   quality." Fitbit's proposed instruction does not include the representations made by Fitbit which

8   formulate the gravamen of Plaintiffs' claims. Excluding these representations from the instruction

9   prejudice the Plaintiffs, will lead to confusion of the jury, and is calculated to mislead.  *Gracie v.*

10  *Gracie*, 217 F.3d 1060, 1067 (9th Cir. 2000) ("In reviewing jury instructions, we 'consider

11  whether the instructions—taken as a whole and viewed in context of the entire trial—were

12  misleading or confusing, inadequately guided the jury's deliberations, or improperly intruded on

13  the fact finding process.'")

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Fitbit's Statement</u>:**

      Plaintiffs' only concern with Fitbit's proposed instruction is that it does not include the specific representations that are at-issue in this case.  If this is the only objections Plaintiffs raise, Fitbit is willing to include the representations as long as the term "track" instead of "measure" is used, consistent with Fitbit's packaging.

1

**Disputed Instruction No. 32 Re Florida Common Law Fraud Claim Offered by Fitbit**

2          Plaintiff Brickman brings a claim for fraudulent misrepresentation on an individual basis

3    only.  He is not representing any class members in bringing this claim.  The issues for you to

4    decide on Plaintiff Brickman's claim for fraudulent misrepresentation are:

5          First, whether Fitbit intentionally made a false statement concerning a material fact;

6          Second, whether Fitbit knew the statement was false when it made it or made the

7    statement knowing it did not know whether it was true or false;

8          Third, whether Fitbit intended that another would rely on the false statement;

9          Fourth, whether Plaintiff Brickman relied on the false statement; and, if so,

10          Fifth, whether the false statement was a legal cause of loss to Plaintiff Brickman.

11          On this claim for fraudulent misrepresentation, Plaintiff Brickman may rely on a false

12    statement, even though its falsity could have been discovered if Plaintiff Brickman had made an

13    investigation. However, Plaintiff Brickman may not rely on a false statement if he knew it was

14    false or its falsity was obvious to him.

15

16    **Source:**  Florida Standard Jury Instructions in Civil Cases No. 409.7 [modified].

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 32 Re Florida Common Law Fraud Claim Offered by Plaintiffs**

On James Brickman's individual claim for fraudulent misrepresentation, the issues for your determination are:

First, whether Fitbit intentionally made a false statement concerning a material fact;

Second, whether Fitbit knew the statement was false when it made it or made the statement knowing it was without knowledge of its truth or falsity;

Third, whether in making the false statement, Fitbit intended that another would rely on the false statement;

Fourth, whether James Brickman relied on the false statement; and

Fifth, whether James Brickman and the class suffered damages as a result.

A material fact is one that is of such importance that James Brickman would not have entered into the transaction, but for the false statement.

Only Plaintiff James Brickman need prove actual reliance.

Fla. Model Instruction 8.1 (modified); *Allapattah Services, Inc. v. Exxon Corp.*, 188 F.R.D. 667 (S.D. Fla. 1999).

1

**Parties' Responses to Disputed Instruction No. 32 Re Florida Common Law Fraud Claim**

2

**Plaintiffs' Statement:**

3

4

Fitbit argues that Plaintiffs' instruction does not track the model jury instructions

5

verbatim, but it does not have to.  See *U.S. v. Jones*, 23 F.3d 1407 (8th Cir. 1994) (model jury

6

instructions are suggestions and need not be followed verbatim); *Dunlap v. Liberty Natural*

7

*Products, Inc.*, 2015 WL 1778477 (Dist. Ore. 2015) (model jury instructions serve as a "guide");

8

*People v. Runnion*, 30 Cal.App.4th 852 (Cal. App. 1994) (trial court is not obligated to follow

model jury instructions).

9

Fitbit takes issue with the final part of Plaintiff's proposed instruction which states "A

10

material fact is one that is of such importance that James Brickman would not have entered into

11

the transaction, but for the false statement."  This language on materiality is taken directly from

12

Fla. Model Instruction 8.1(c), which provides "[a] material fact is one that is of such importance

13

that (claimant) would not have [entered into the transaction] [acted], but for the false statement."

14

See *Brown v. Villaraigosa*, 637 Fed. Appx. 1001 (9th Cir. 2016) (finding jury instructions proper

15

where they were substantively identical to the model instructions).

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Fitbit's Statement</u>:**

Fitbit's proposed language for the fifth element of this instruction is an exact recitation of the form instruction at Florida Standard Jury Instructions in Civil Cases No. 409.7.  Plaintiffs have no basis for deviating from the instruction's form language.

In addition, Fitbit objects to Plaintiffs' addition of the following statements regarding materiality and reliance:  "A material fact is one that is of such importance that James Brickman would not have entered into the transaction, but for the false statement.  Only Plaintiff James Brickman need prove actual reliance."  Plaintiffs' statement regarding materiality is surplusage, duplicative of stipulated instruction No. 38, and not contemplated in the form instruction.  Plaintiffs' statement regarding reliance is confusing and unnecessary, given that Plaintiffs' claim is not brought on behalf of the Florida class.

Finally, Fitbit understands that Plaintiffs wish to add the specific representations at issue in this litigation to parties' only dispute becomes the lack of specific representations that are at-issue in this case to the first element.  If the Court is inclined to do so, Fitbit requests that the term "track" be used instead of "measure," consistent with Fitbit's packaging.

1

**Disputed Instruction No. 33 Re Florida Negligent Misrepresentation Claim Offered by**

2

**Fitbit**

3       Plaintiff Brickman brings a claim for negligent misrepresentation on an individual basis

4   only.  He is not representing any class members in bringing this claim.  The next issues for you to

5   decide on Plaintiff Brickman's claim for negligent misrepresentation are:

6       First, whether Fitbit made a statement concerning a material fact that it believed to be true

7   but which was in fact false;

8       Second, whether Fitbit was negligent in making the statement because it should have

9   known the statement was false;

10      Third, whether in making the statement, Fitbit intended that another would rely on the

11  statement;

12      Fourth, whether Plaintiff Brickman justifiably relied on the false statement; and, if so,

13      Fifth, whether the false statement was a legal cause of loss to Plaintiff Brickman.

14

15  **Source:**  Florida Standard Jury Instructions in Civil Cases No. 409.8 without modification.

16

17

18

19

20

21

22

23

24

25

26

27

28

### Disputed Instruction No. 33 Re Florida Negligent Misrepresentation Claim Offered by Plaintiffs

On James Brickman an individual's claims negligent misrepresentation, the issues for your determination are:

First, whether Fitbit made a statement concerning a material fact that it believed to be true but which was in fact false;

Second, whether, Fitbit was negligent in making the statement because it should have known the statement was false;

Third, whether in making the statement, Fitbit intended that another would rely on the statement;

Fourth, whether James Brickman justifiably relied on the false statement; and

Fifth, whether James Brickman suffered damages as a result.

A material fact is one that is of such importance that James Brickman would not have entered into the transaction, but for the false statement.

Only Plaintiff James Brickman need prove actual reliance.

Fla. Model Instruction 8.1 (modified); *Allapattah Services, Inc. v. Exxon Corp*., 188 F.R.D. 667 (S.D. Fla. 1999).

**Parties' Responses to Disputed Instruction No. 33 Re Florida Negligent Misrepresentation Claim**

**<u>Plaintiffs' Statement</u>:**

Plaintiffs incorporate their response from Instruction No. 32 by reference.

1    **<u>Fitbit's Statement</u>:**

2         Fitbit's version of this instruction is preferable for the same reasons stated in connection

3    with the parties' competing versions of instruction No. 32.  Fitbit incorporates its statement

4    regarding instruction No. 32 by reference.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**Disputed Instruction No. 34 Re Negligence Standard for Florida Common Law Fraud &**

**Negligent Misrepresentation Claims Offered by Fitbit**

3
4
5
6
7

Negligence for purposes of Plaintiff Brickman's negligent misrepresentation claim is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

8

9

**Source:**  Florida Standard Jury Instructions in Civil Cases No. 409.4 without modification.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Disputed Instruction No. 34 Re Negligence Standard for Florida Common Law Fraud & Negligent Misrepresentation Claims Offered by Plaintiffs**

Negligence for purposes of Plaintiff Brickman's negligent misrepresentation claim is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

In this case, the issue for you to decide is whether it was negligent for Fitbit, in the research and design of the sleep tracking function, not to consult or engage an expert in sleep science.

**Source:**  Florida Standard Jury Instructions in Civil Cases No. 409.4 with modification.

**Parties' Responses to Disputed Instruction No. 34 Re Negligence Standard for Florida Common Law Fraud & Negligent Misrepresentation Claims**

**<u>Plaintiff's Statement</u>**:

Fitbit argues that the Plaintiffs cannot assert negligence because it is not supported by proof. The Plaintiffs intend to adduce evidence at trial that would support a finding that Fitbit was negligent, on a classwide basis, in failing to retain a sleep expert with respect to the research and design of the sleep function.

1    **<u>Fitbit's Statement</u>:**

2          Plaintiffs assert a claim for negligent misrepresentation in this action.  Fitbit's proposed

3    instruction No. 34 compliments proposed instruction No. 33 by explaining the concept of

4    negligence as it relates to Plaintiffs' negligent misrepresentation claim.

5          Plaintiffs' alternative instruction, on the other hand, suggests that Fitbit can be held

6    separately liable for negligence because it purportedly did not retain a "sleep expert"—a legal

7    theory and cause of action that was never pled in any iteration of the complaint.  Plaintiffs'

8    proposed instruction should be rejected for the reasons set forth in Fitbit's response to Plaintiffs'

9    proposed instruction No. 18.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**Disputed Instruction No. 35 Re Economic Loss Doctrine Affirmative Defense for Florida**

**Negligence Claim Offered by Fitbit**

3

4

Under the economic loss doctrine, a product manufacturer's tort liability is limited to damages for physical injuries or damage to property other than the at issue product itself.

5

6

7

8

9

As to the economic loss doctrine defense, you must decide whether, as a result of the at issue products, Plaintiff Brickman and Florida class members suffered personal injury or sustained damage to their property other than the at issue products themselves. If you determine that Plaintiff suffered economic (i.e., monetary) loss only, but no property damage or personal injury, you must find for Fitbit on Plaintiffs' negligence claim.

10

11

12

13

**Authorities**: *Fla. Power & Light v. Westinghouse Elec.*, 510 So. 2d 899 (Fla. 1987); *GAF Corp. v. Zack Co.*, 445 So. 2d 350 (Fla. 3d DCA 1984); *Tiara Condo. Ass'n v. Marsh & McLennan Cos.*, 110 So. 3d 399 (Fla. 2013).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Parties' Responses to Disputed Instruction No. 35 Re Economic Loss Doctrine Affirmative**

2

**Defense for Florida Negligence Claim**

3

**Plaintiff's Statement**:

4    Plaintiffs object to Fitbit's proposed instruction. This instruction is unnecessary,

5    confusing, prejudicial, and likely to mislead the jury. *Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th

6    Cir. 2000) ("In reviewing jury instructions, we 'consider whether the instructions—taken as a

7    whole and viewed in context of the entire trial—were misleading or confusing, inadequately

8    guided the jury's deliberations, or improperly intruded on the fact finding process.'") Plaintiffs

9    make these objections without waiving their right to lodge future objections to this instruction and

10   reserve their rights to supplement or modify this objection after having the ability to fully

11   consider this proposed instruction and confer with Defendant.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **<u>Fitbit's Statement</u>:**

2          The Court should only consider this instruction if it decides that Plaintiffs may rely on a

3    new theory of liability at this late stage of the case.  Fitbit incorporates by reference its response

4    to Disputed Instruction No. 18 in this regard.  If the Court does adopt an instruction for Plaintiffs'

5    new negligence claim, the Court should also adopt Fitbit's proposed instruction on its economic

6    loss doctrine affirmative defense that is only necessitated by Plaintiffs' new negligence theory of

7    liability.  Unlike Plaintiffs' brand new theory, Fitbit asserted the affirmative defense of Economic

8    Loss Doctrine in its Answer to the Plaintiffs' Fourth Amended Complaint, (Dkt. No. 85 at 21.)

9          Fitbit's proposed instruction on comparative fault is entirely appropriate and is based on

10   the well-settled doctrine of economic loss recognized in Florida.  *See, e.g.*, *Fla. Power & Light v.*

11   *Westinghouse Elec.*, 510 So. 2d 899 (Fla. 1987); *GAF Corp. v. Zack Co.*, 445 So. 2d 350 (Fla. 3d

12   DCA 1984); *Tiara Condo. Ass'n v. Marsh & McLennan Cos.*, 110 So. 3d 399 (Fla. 2013).

13   Plaintiffs do not dispute the legal basis for Fitbit's proposed instruction.

14         Fitbit reserves all rights to oppose any new or additional negligence claim.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Disputed Instruction No. 36 Re Comparative Fault Affirmative Defense in Florida Offered**

2

**by Fitbit**

3        On the comparative fault defense, the issues for you to decide are whether Plaintiff

4  Brickman and the Florida class members were themselves negligent [] and, if so, whether that

5  negligence was a contributing legal cause of the injury or damage to Plaintiff.

6

7  **Source**: Fla. Std. Jury Instr. [Civ.] 403.18a.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Parties' Responses to Disputed Instruction No. 36 Re Comparative Fault Affirmative Defense in Florida**

**<u>Plaintiff's Statement</u>**:

Plaintiffs object to Fitbit's proposed instruction. This instruction is unnecessary, confusing, prejudicial, and likely to mislead the jury. *Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir. 2000) ("In reviewing jury instructions, we 'consider whether the instructions—taken as a whole and viewed in context of the entire trial—were misleading or confusing, inadequately guided the jury's deliberations, or improperly intruded on the fact finding process.'") Plaintiffs make these objections without waiving their right to lodge future objections to this instruction and reserve their rights to supplement or modify this objection after having the ability to fully consider this proposed instruction and confer with Defendant.

1

**Fitbit's Statement:**

2

3   The Court should only consider this instruction if it decides that Plaintiffs may rely on a

4   new theory of liability at this late stage of the case.  Fitbit incorporates by reference its response

5   to Disputed Instruction No. 18 in this regard.  If the Court does adopt an instruction for Plaintiffs'

6   new negligence claim, the Court should also adopt Fitbit's proposed instruction on its

7   comparative fault affirmative defense that is only necessitated by Plaintiffs' new negligence

8   theory of liability.  Unlike Plaintiffs' brand new theory, Fitbit asserted the affirmative defense of

9   Comparative Fault in its Answer to the Plaintiffs' Fourth Amended Complaint, (Dkt. No. 85 at

10  17-18.)

11          Fitbit's proposed instruction on comparative fault is entirely appropriate and is based on

12  the form instruction at Florida Standard Jury Instructions in Civil Cases No. 409.18a.  Plaintiffs

13  do not dispute the legal basis for Fitbit's proposed instruction.

14          Fitbit reserves all rights to oppose any new or additional negligence claim.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **Disputed Instruction No. 37 Re Burden of Proof for Comparative Fault in Florida Offered**

2   **by Fitbit**

3       If the greater weight of the evidence does not support Fitbit's comparative fault defense

4   and the greater weight of the evidence supports Plaintiff Brickman's and the Florida class

5   members' negligence claim, then your verdict should be for Plaintiff Brickman and the Florida

6   class in the total amount of damages on their negligence claim.

7       If, however, the greater weight of the evidence shows that both Plaintiff Brickman and the

8   Florida class members and Fitbit were negligent and that the negligence of each contributed as a

9   legal cause of loss sustained by Plaintiff Brickman and the Florida class members, you should

10  decide and write on the verdict form what percentage of the total fault of the parties to this action

11  was caused by each of them on Plaintiff Brickman's and the Florida class members' negligence

12  claim.

13

14  **Source**:  Fla. Std. Jury Instr. [Civ.] 403.19 [modified].

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Parties' Responses to Disputed Instruction No. 36 Re Burden of Proof for Comparative Fault in Florida**

**Plaintiff's Statement**:

Plaintiffs object to Fitbit's proposed instruction. This instruction is unnecessary, confusing, prejudicial, and likely to mislead the jury. *Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir. 2000) ("In reviewing jury instructions, we 'consider whether the instructions—taken as a whole and viewed in context of the entire trial—were misleading or confusing, inadequately guided the jury's deliberations, or improperly intruded on the fact finding process.'") Plaintiffs make these objections without waiving their right to lodge future objections to this instruction and reserve their rights to supplement or modify this objection after having the ability to fully consider this proposed instruction and confer with Defendant.

1  **Fitbit's Statement:**

2       The Court should only consider this instruction if it decides that Plaintiffs may rely on a

3  new theory of liability at this late stage of the case.  Fitbit incorporates by reference its response

4  to Disputed Instruction No. 18 in this regard.  If the Court does adopt an instruction for Plaintiffs'

5  new negligence claim, the Court should also adopt Fitbit's proposed instruction on its

6  comparative fault affirmative defense that is only necessitated by Plaintiffs' new negligence

7  theory of liability.  Unlike Plaintiffs' brand new theory, Fitbit asserted the affirmative defense of

8  Comparative Fault in its Answer to the Plaintiffs' Fourth Amended Complaint, (Dkt. No. 85 at

9  17-18.)

10       Fitbit's proposed instruction on comparative fault is entirely appropriate and is based on

11  the form instruction at Florida Standard Jury Instructions in Civil Cases No. 409.19.  Plaintiffs do

12  not dispute the legal basis for Fitbit's proposed instruction.

13       Fitbit reserves all rights to oppose any new or additional negligence claim.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Stipulated Instruction No. 38 Re "Material Fact" Standard for Florida Common Law**

2

**Fraud & Negligent Misrepresentation Claims**

3          When considering Plaintiff Brickman's fraud and negligent misrepresentation claims, a

4    material fact is one that is of such importance that Plaintiff Brickman would not have acted, but

5    for the false statement.

6

7    **Source:**  Florida Standard Jury Instructions in Civil Cases No. 409.5 without modification.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **Disputed Instruction No. 39 Re "Legal Cause" Standard for Florida Common Law Fraud &**

2    **Negligent Misrepresentation Claims Offered by Fitbit**

3        When considering Plaintiff Brickman's fraud and negligent misrepresentation claims,

4    misrepresentation of a material fact is a legal cause of loss if it directly and in natural and

5    continuous sequence produces or contributes substantially to producing such loss, so that it can

6    reasonably be said that, but for the misrepresentation, the loss would not have occurred.

7

8    **Source:** Florida Standard Jury Instructions in Civil Cases No. 409.6a without modification.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**Parties' Responses to Disputed Instruction No. 39 Re "Legal Cause" Standard for Florida Common Law Fraud & Negligent Misrepresentation Claims**

3

**<u>Plaintiffs' Statement</u>:**

4

Plaintiffs object to Fitbit's proposed instruction. This instruction is repetitive and

5

unnecessary. Further, this instruction will confuse and mislead the jury. *Gracie v. Gracie*, 217

6

F.3d 1060, 1067 (9th Cir. 2000) ("In reviewing jury instructions, we 'consider whether the

7

instructions—taken as a whole and viewed in context of the entire trial—were misleading or

8

confusing, inadequately guided the jury's deliberations, or improperly intruded on the fact finding

9

10

process.'")

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>Fitbit's Statement</u>:**

2

"Fifth, whether the false statement was a legal cause of loss to Plaintiff Brickman." is an

3

element under both of Plaintiffs' negligent misrepresentation and common law fraud claims.

4

5

Fitbit proposes the use of Florida Standard Jury Instructions in Civil Cases No. 409.6a without

6

modification as is instructed in Florida's set of model instructions related to fraudulent and

7

negligent misrepresentation claims in order to explain "legal cause," a legal term of art, to the

8

jury.  Tellingly, Plaintiffs do not oppose the same use of Florida Standard Jury Instructions in

9

Civil Cases No. 409.5 (without modification) to explain the term "material fact."

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**Disputed Instruction No. 40 Re Florida Unjust Enrichment/Quasi-Contract Claim Offered by Fitbit**

3        Plaintiff Brickman and Florida class members seek to recover damages under a theory of

4   unjust enrichment.  To recover damages under a theory of unjust enrichment, Plaintiff Brickman

5   and Florida class members must prove the following:

6        1.   Plaintiff Brickman and Florida class members conferred a benefit on Fitbit;

7        2.   Fitbit has knowledge of the benefit;

8        3.   Fitbit has accepted or retained the benefit conferred; and

9        4.   The circumstances are such that it would be inequitable for Fitbit to retain the benefit

10             without paying fair value for it because Plaintiff Brickman and Florida class members

11             overpaid based on Fitbit's misrepresentations about sleep tracking.

12

13   **Authorities:**  *Willson v. Big Lake Partners, Ltd. Liab. Co.*, 211 So. 3d 360, 365 (Fla. Dist. Ct.

14   App. 2017); *Della Ratta v. Della Ratta*, 927 So. 2d 1055, 1059 (Fla. Dist. Ct. App. 2006).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Parties' Responses to Disputed Instruction No. 40 Re Florida Unjust**

2

**Enrichment/Quasi-Contract Claim**

3

4

**Plaintiffs' Statement**:

5

Plaintiffs object to Fitbit's proposed instruction. Initially, this proposed instruction must

6

clearly note that Plaintiff Brickman seeks to recover on behalf of the certified Florida class that he

7

represents. Further, this instruction misstates the applicable law when it states, as element number

8

two, that Fitbit must have knowledge of the benefit.  *Porsche Cars North America, Inc. v.*

9

*Diamond*, 140 So. 3d 1090, 1100 (Fl. 3d DCA 2014) ("The elements of a claim for unjust

10

enrichment are: (1) plaintiff conferred a benefit on the defendant; (2) defendant voluntarily

11

accepts and retains the benefit conferred; and (3) the circumstances are such that it would be

12

inequitable for the defendant to retain the benefit without paying the value thereof to the

13

plaintiff.")

14

15

Plaintiffs request that their proposed instruction be given on this matter.

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Fitbit's Statement</u>:**

      Plaintiffs have not proposed a counterpart instruction for their Florida Unjust Enrichment claim; instead, they have proposed an instruction on *damages* for their Florida Unjust Enrichment claim.  The jury must separately decide liability on the elements of the claim before the issue of damages can be reached.  Thus, Plaintiffs' proposal to defer to their other proposed instruction regarding unjust enrichment is unworkable.

**Disputed Instruction No. 41 Re Violation of Florida Deceptive & Unfair Trade Practices Act**

**Damages Offered by Fitbit**

If you find for Defendant Fitbit, you will not consider the matter of damages.  However, if you find for Plaintiff Brickman and Florida class members on their Florida Deceptive & Unfair Trade Practices Act claim, you may award Plaintiff Brickman and Florida class members damages for the diminished value of the goods or services received.  The measure of damages is the difference in the market value of the sleep-tracking feature in the condition in which it was delivered or received, and its market value in the condition in which it should have been delivered or received based on the representations made by Fitbit.

**Source:**  Florida Forms of Jury Instruction [Matthew Bender] § 65.83 [modified].

**Authorities:**  Fla. Stat. § 501.211(2); *Urling v. Helms Exterminators, Inc.*, 468 So. 2d 451 (Fla. Dist. Ct. App.1985); *Rollins, Inc. v. Heller*, 454 So. 2d 580 (Fla. Dist. Ct. App. 1984).

1

**Disputed Instruction No. 41 Re Violation of Florida Deceptive & Unfair Trade Practices Act**

2

**Damages Offered by Plaintiffs'**

3

4

      If you find that James Brickman as Representative Class Plaintiff has established a

5

violation of the Florida Deceptive and Unfair Trade Practices Act, the Florida Class is entitled to

their actual damages.

6

      Actual damages are defined as the total loss sustained by the consumer as a result of the

7

deceptive trade practice.

8

9

Source:  *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. 2d DCA 2006); *Dorestin v. Hollywood*

10

*Imports, Inc*., 45 So.3d 819 (Fla. App. 2010).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Parties' Responses to Disputed Instruction No. 41 Re Violation of Florida Deceptive & Unfair Trade Practices Act Damages**

**<u>Plaintiffs' Statement</u>**:

Plaintiffs object to Fitbit's proposed instruction. This instruction is a misstatement of Plaintiffs' claims. Plaintiffs' claims seek a recovery of the money that was received by Fitbit, and paid by Plaintiffs, attributable to the sleep function on Fitbit's devices that did not work as represented. See, Proposed Instruction No. 13 – Disputed.

Plaintiffs Proposed Jury Instruction No. 22 is a more concise statement of the law and represents a simple instruction that will not lead to confusion by the jury.

1    **Fitbit's Statement:**

2        Fitbit's proposed instruction is based on the applicable form instruction in Florida and

3 accurately reflects Florida law on FDUPTA damages.  It requires no further modification.  Even

4 assuming Mr. Brickman and the Florida class could prove Fitbit made a misrepresentation (they

5 cannot), the damages would be the difference between the value of the sleep-tracking feature as

6 received by Mr. Brickman and the Florida class, and what its value would have been if the

7 representations about sleep-tracking had been true.

8

9        Plaintiffs instead propose to replace the Florida form instruction with an invented formula

10 of their own: that "Actual damages are defined as the total loss sustained by the consumer as a

11 result of the deceptive trade practice."  Both cases cited by Plaintiffs are directly on point for

12 Fitbit's proposed instruction No. 41, not Plaintiffs'.  One of their sources is *Rollins, Inc. v.

13 Butland*, which, indeed, is the very case cited by Florida as authority for its form instruction.  In

14 that case, the Court explicitly stated that "[T]he measure of actual damages is the difference in the

15 market value of the product or service in the condition in which it was delivered and its market

16 value in the condition in which it should have been delivered according to the contract of the

17 parties."  *Rollins, Inc. v. Butland*, 951 So.2d 860, 869 (Fla. Dist. Ct. App. 2006).  In other words,

18 the Court used the *exact* language reflected in the Florida form—which is Fitbit's proposed

19 instruction No. 36.  The same is true of the second case they cite.  *See Dorestin v. Hollywood

20 Imports, Inc.*, 45 So. 3d 819, 827 (Fla. Dist. Ct. App. 2010) (reciting the standard from *Rollins*).

21

22        The measure offered by Plaintiffs in disputed instruction No. 41, and their use of the term

23 "total loss," is a transparent attempt to recover more than Florida law allows.  Plaintiffs' own case

24 law explains that the applicable standard is worded intentionally so that it narrows the focus on

25 the only damages recoverable under FDUPTA: those "benefit of the bargain" damages.  Plaintiffs

26 have no persuasive authority suggesting a deviation from this approach, and can only cite a

27

28

1  concurring opinion that explores alternative approaches.  *Dorestin*, 45 So. 3d at 827 (Gross, C.J.,

2  concurring specially).  That concurrence does not reflect the law in Florida, which is settled on

3  this subject: Plaintiffs are limited to recovering the benefit-of-the-bargain damages as reflected in

4  the Florida form instruction.  *See Rollins*, 45 So. 3d at 827.

5

6      Fitbit's proposed instruction No. 41 matches the Florida form instruction and accurately

7  reflects the applicable measure of damages.  It should be given to the jury as written.

1

**Disputed Instruction No. 42 Re Damages for Florida Common Law Fraud & Negligent**

2

**Misrepresentation Claims Offered by Fitbit**

3       If you find for Fitbit, you will not consider the matter of damages.  But, if you find for

4  Plaintiff Brickman on his common law fraud and negligent misrepresentation claims, you should

5  award him an amount of money that the greater weight of the evidence shows will fairly and

6  adequately compensate Plaintiff Brickman for the amount he overpaid for Fitbit's devices based

7  on Fitbit's representations about sleep tracking.

8

9  **Source:**  Florida Standard Jury Instructions in Civil Cases No. 409.13 [modified].

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Parties' Responses to Disputed Instruction No. 42 Re Damages for Florida Common Law**

2

**Fraud & Negligent Misrepresentation Claims**

3

4

**Plaintiffs' Statement**:

5

Plaintiffs object to Fitbit's proposed instruction. This instruction must include the

6

representations made by Fitbit, at issue in this case, including that the devices could measure

7

"hours slept," "times woken up," and "sleep quality." Excluding these representations from the

8

instruction prejudice the Plaintiffs, will lead to confusion of the jury, and is calculated to mislead.

9

*Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir. 2000) ("In reviewing jury instructions, we

10

'consider whether the instructions—taken as a whole and viewed in context of the entire trial—

11

were misleading or confusing, inadequately guided the jury's deliberations, or improperly

12

intruded on the fact finding process.'")

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>Fitbit's Statement</u>:**

Fitbit's proposed instruction aligns with the form instruction in Florida, and Plaintiffs' point to no legal basis that the specific at-issue representations must be included in this instruction on damages.  In the event the Court is inclined to include the specific representations at issue, Fitbit requests that the word "track" be used instead of "measure," consistent with Fitbit's packaging statements.

1   **Disputed Instruction No. 43 Re Recovery for Florida Unjust Enrichment/Quasi-Contract**
2                                **Claim Offered by Fitbit**

3           If you find for Fitbit, you will not consider the matter of recovery.  But, if you find for

4   Plaintiff Brickman and Florida class members on their unjust enrichment claim, you should award

5   them an amount of money that was inequitably retained by Fitbit because Plaintiffs overpaid

6   based on Fitbit's misrepresentations about sleep tracking.

7

8   **Authorities:**  *Willson v. Big Lake Partners, Ltd. Liab. Co.*, 211 So. 3d 360, 365 (Fla. Dist. Ct.

9   App. 2017); *Della Ratta v. Della Ratta*, 927 So. 2d 1055, 1059 (Fla. Dist. Ct. App. 2006).

**Disputed Instruction No. 43 Re Recovery for Florida Unjust Enrichment/Quasi-Contract**

**Claim Offered by Plaintiffs**

If you find that James Brickman and the class have established a claim for unjust enrichment, the classes are entitled to restitution.

The primary purpose of restitution is to restore the plaintiff to the position in which he or she was before the defendant received the benefit which gave rise to the obligation to restore; hence the plaintiff is entitled to recover that which he or she parted with, or that which the defendant has received.

In this case Plaintiff alleges that the difference in price between the Fitbit One, Ultra and Flex that all had sleep functions and the Fitbit Zip that did not have a sleep function is the appropriate measure of damages.

Source: *Montage Group, Ltd. v. Athle-Tech Computer Systems, Inc.,* 889 So.2d 180 (Fla. App. 2004); *JP Morgan Chase Bank Nat. Ass'n v. Colletti Investments, LLC*, 199 So.3d 395 (Fla. App. 2016).

**Parties' Responses to Disputed Instruction No. 43 Re Recovery for Florida Unjust Enrichment/Quasi-Contract Claim**

**Plaintiffs' Statement**:

Plaintiffs object to Fitbit's proposed instruction. This instruction is a misstatement of Plaintiffs' claims. Plaintiffs' claims seek a recovery of the money that was received by Fitbit, and paid by Plaintiffs, attributable to the sleep function on Fitbit's devices that did not work as represented. See, Proposed Instruction No. 13 – Disputed.

Plaintiffs request that their instruction on this matter be given. See, Plaintiffs' Proposed Jury Instruction No. 27.

**Fitbit's Statement:**

Plaintiffs' proposed instruction is confusing in the way it defines restitution.  Plaintiffs inclusion of the phrase "plaintiff is entitled to recover that which he or she parted with" may be appropriate in some cases, but here, where only money damages are at issue, it confuses the jury into thinking that losses other than monetary damages should be compensated for in any monetary award.  It is more appropriate here to simply define restitution in terms of "an amount of money to restore Plaintiffs to the position they would have been in," as Fitbit suggests.

As explained in Fitbit's argument regarding instruction Nos. 26, 27, and 28, the portion of Plaintiffs' proposed instruction regarding the methodology for calculating damages is unsupported by any evidence.  Plaintiffs' proposed instruction suggests "the difference in price between the Fitbit One, Ultra and Flex that all had sleep functions and the Fitbit Zip that did not have a sleep function is the appropriate measure of damages."  However, Plaintiffs have no expert or evidence that would support such a damages calculation.

The price attributable to the sleep-tracking function cannot be calculated simply by subtracting the cost of a device without sleep tracking from the cost of a device with sleep tracking.  (*See* Dkt. No. 122-10 (Expert Report of Keith R. Ugone) ¶¶ 63-71 (Plaintiffs' proposed theories of damages do not account for salient factors, including but not limited to the variation in price over time and across retailers or the value of the sleep-tracking feature to the purchaser).)  There are many other factors that must be included, not limited to other features that account for the price difference and the value to the consumer of sleep-tracking functionality.  Furthermore, Plaintiffs have no expert or other evidence to suggest that their simple price difference methodology is an accurate approach to damages.  (*See, e.g.*, Dkt. No. 153-19 (Deposition of Colin Weir) at 49:3-18 (Plaintiffs' expert admitting that any damage calculation based on a price differential must have controls and account for other sources of value so that the damages figure

1
2
3
4
5
6
7

is properly limited to only the amount attributable to sleep tracking function).)  Plaintiffs'

instruction encourages the jury to base its damages calculation on an unsupportable methodology,

which would ultimately lead to an unsustainable verdict.  *See In re Exxon Valdez*, 270 F.3d 1215,

1248 (9th Cir. 2001) (jury's damages award cannot be upheld when it is "clearly not supported by

the evidence or based only on speculation or guesswork") (citing *Del Monte Dunes at Monterey,

Ltd. v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir.1996)).

8
9

       Finally, Plaintiffs' proposed instruction is confusing and misleading because it references

the Fitbit Zip, which is not at issue in this case.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**Disputed Instruction No. 44 Re Insurance Offered by Fitbit**

2        You must not consider whether any of the parties in this case has insurance. The presence

3   or absence of insurance is totally irrelevant. You must decide this case based only on the law and

4   the evidence.

5

6   **Source:**  CACI No. 5001 without modification.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Parties' Responses to Disputed Instruction No. 44 Re Insurance**

2

3

**<u>Plaintiffs' Statement</u>**:

4

Plaintiffs object to Fitbit's proposed instruction. This instruction is prejudicial. This

5

instruction is irrelevant and is biased. This instruction is calculated to confuse and mislead the

6

jury. *Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir. 2000) ("In reviewing jury instructions, we

7

'consider whether the instructions—taken as a whole and viewed in context of the entire trial—

8

were misleading or confusing, inadequately guided the jury's deliberations, or improperly

9

intruded on the fact finding process.'").

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>Fitbit's Statement</u>**:

2

3

   Plaintiffs fail to explain how or why this instruction is prejudicial, biased, irrelevant, or intended to mislead.  It is an accurate statement of the law and should be given.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Instruction No. 45 Re Nonperson Party**

A corporation, Fitbit, is a party in this lawsuit. Fitbit is entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to Fitbit.

**Source:**  CACI No. 5006 without modification.

**Disputed Instruction No. 46 Re Readback or Playback Offered by Fitbit**

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Although a court has broad discretion to read back excerpts or the entire testimony of a witness when requested by a deliberating jury, precautionary steps should be taken. Absent the parties' stipulation to a different procedure, the jury should be required to hear the readback in open court, with counsel for both sides present, and after giving the admonition set out above.

Source: Ninth Circuit Manual of Model Civil Jury Instructions 3.4

1

**Parties' Responses to Disputed Instruction No. 46 Re Readback or Playback**

2

3

**Plaintiffs' Statement**:

4

Plaintiffs object to Fitbit's proposed instruction. This instruction again attempts to invade

5

the province of the jury. *Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir. 2000) ("In reviewing

6

jury instructions, we 'consider whether the instructions—taken as a whole and viewed in context

7

of the entire trial—were misleading or confusing, inadequately guided the jury's deliberations, or

8

improperly intruded on the fact finding process.'")

9

10

Plaintiff further objects on the basis that the jury should not have trial testimony available

11

to them once deliberations begin. Instead, the jury should rely on their notes and recollection from

12

the trial.  See *Scott v. Palmer*, 689 Fed.Appx. 874 (9th Cir. 2017) ("The district court did not

13

abuse its discretion by instructing the jury … to rely on its recollection of the evidence…").

14

When read back is done, the Ninth Circuit Model Jury Instructions provide for strict

15

admonishments to be made, none of which were included with Defendant's instruction.  See 9th

16

17

Circuit Model Jury Instruction 3.4.  Courts have explained that "[r]ereading is disfavored because

18

it may place inappropriate emphasis on testimony and cause undue delay."   *U.S. v. Weekley*, 26

19

F.3d 135, at *1 (9th Cir. 1994).

20

21

22

23

24

25

26

27

28

1

**<u>Fitbit's Statement</u>**:

2

3

Plaintiffs articulate no prejudice or confusion that would result from providing this

4

instruction to the jury.  Fitbit submits that the instruction should be given.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **Disputed Instruction No. 47 Re Polling the Jury Offered by Fitbit**

2      After your verdict is read in open court, you may be asked individually to indicate

3  whether the verdict expresses your personal vote. This is referred to as "polling" the jury and is

4  done to ensure that at least nine jurors have agreed to each decision.

5      The verdict form[s] that you will receive ask[s] you to answer several questions. You must

6  vote separately on each question. Although nine or more jurors must agree on each answer, it

7  does not have to be the same nine for each answer. Therefore, it is important for each of you to

8  remember how you have voted on each question so that if the jury is polled, each of you will be

9  able to answer accurately about how you voted.

10     [Each of you will be provided a draft copy of the verdict form[s] for your use in keeping

11  track of your votes.]

12

13  **Source:**  CACI No. 5017 without modification.

**Parties' Responses to Disputed Instruction No. 47 Re Polling the Jury**

**Plaintiffs' Statement**:

Plaintiffs object to Fitbit's proposed instruction. Polling of the jury is a practice that happens after a verdict has been delivered and the trial is completed. There is no reason that the jury should be instructed on this practice prior to their deliberation and completion of the appropriate jury interrogatories and verdict forms. This instruction will unnecessarily invite prejudice, bias, and confusion into the process of jury deliberation. *Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir. 2000) ("In reviewing jury instructions, we 'consider whether the instructions—taken as a whole and viewed in context of the entire trial—were misleading or confusing, inadequately guided the jury's deliberations, or improperly intruded on the fact finding process.'")

1

**<u>Fitbit's Statement</u>**:

2

      Plaintiffs articulate no prejudice or confusion that would result from providing this

3

instruction to the jury.  Fitbit submits that the instruction should be given.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Disputed Instruction No. 48 Re Transcript of Recording in English Offered by Fitbit**

You [are about to [hear] [watch]] [have heard] [watched]] a recording that has been received in evidence.  [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling. [After] [Now that] the recording has been played, the transcript will be taken from you.

**Source:**  Ninth Circuit Manual of Model Civil Jury Instructions 2.5

**Parties' Responses to Disputed Instruction No. 48 Re Transcript of Recording in English**

**Plaintiffs' Statement**:

Plaintiffs object to Fitbit's proposed instruction. This instruction is unnecessary. Further, this instruction is confusing and invites the likelihood of error. *Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir. 2000) ("In reviewing jury instructions, we 'consider whether the instructions—taken as a whole and viewed in context of the entire trial—were misleading or confusing, inadequately guided the jury's deliberations, or improperly intruded on the fact finding process.'")

1

**<u>Fitbit's Statement</u>**:

2

    It is premature to determine whether this instruction is, as Plaintiffs claim, unnecessary.

3

Further Plaintiffs fail to articulate any basis for their claim that the instruction will cause

4

confusion or invite error.  Plaintiffs articulate no prejudice or confusion that would result from

5

providing this instruction to the jury.  Fitbit submits that the instruction should be given.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Stipulated Instruction No. 49 Re Charts and Summaries Not Received in Evidence**

2          Certain charts and summaries not admitted into evidence [may be] [have been] shown to

3   you in order to help explain the contents of books, records, documents, or other evidence in the

4   case.  Charts and summaries are only as good as the underlying evidence that supports them.  You

5   should, therefore, give them only such weight as you think the underlying evidence deserves.

6

7   **Source:**  Ninth Circuit Manual of Model Civil Jury Instructions 2.14.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **Disputed Instruction No. 50 Re Final Instruction on Discharge of Jury Offered by Fitbit**

2         Members of the jury, this completes your duties in this case. On behalf of the parties and

3    their attorneys, thank you for your time and your service. It can be a great personal sacrifice to

4    serve as a juror, but by doing so you are fulfilling an extremely important role in California's

5    system of justice. Each of us has the right to a trial by jury, but that right would mean little unless

6    citizens such as each of you are willing to serve when called to do so. You have been attentive

7    and conscientious during the trial, and I am grateful for your dedication.

8         Throughout the trial, I continued to admonish you that you could not discuss the facts of

9    the case with anyone other than your fellow jurors and then only during deliberations when all

10   twelve jurors were present. I am now relieving you from that restriction, but I have another

11   admonition.

12        You now have the absolute right to discuss or not to discuss your deliberations and verdict

13   with anyone[, including members of the media]. It is appropriate for the parties, their attorneys or

14   representatives to ask you to discuss the case, but any such discussion may occur only with your

15   consent and only if the discussion is at a reasonable time and place. You should immediately

16   report any unreasonable contact to the court.

17        If you do choose to discuss the case with anyone, feel free to discuss it from your own

18   perspective, but be respectful of the other jurors and their views and feelings.

19        Thank you for your time and your service; you are discharged.

20

21   **Source:**  CACI No. 5090 without modification.

22

23

24

25

26

27

28

1    **Parties' Responses to Disputed Instruction No. 50 Re Final Instruction on Discharge of Jury**

2

3    **<u>Plaintiffs' Argument</u>**:

4         Plaintiffs object to Fitbit's proposed instruction. This instruction is premature and should

5    not be given until the jury has returned its answers on the appropriate jury interrogatories and

6    verdict forms.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>Fitbit's Response</u>**:

Plaintiffs offer no legitimate explanation as to why this instruction should not be given or any prejudice they will suffer if it is.  Plaintiffs articulate no prejudice or confusion that would result from providing this instruction to the jury.  Fitbit submits that the instruction should be given.

1

**Disputed Instruction No. 51 Re Introduction to Interrogatories Offered by Plaintiffs**

2

3

INTRODUCTION TO INTERROGATORIES. You will be given written questions called

4

interrogatories. You must answer them in writing, starting with the first question. You must

5

follow carefully the directions about how to proceed because the directions will tell you what

6

questions to answer and whether to sign the general verdict form for the plaintiff or for the

7

defendant.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Parties' Responses to Disputed Instruction No. 51 Re Introduction to Interrogatories**

**Fitbit's Statement**:

Plaintiffs offer no authority for this instruction.  Fitbit, however, is agreeable to using the following instruction from the Ninth Circuit Model Civil Jury Instructions:

### 3.5  RETURN OF VERDICT

A verdict form has been prepared for you.  [*Explain verdict form as needed.*]
After you have reached unanimous agreement on a verdict, your [presiding juror]
[foreperson] should complete the verdict form according to your deliberations,
sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the
courtroom.

1    **<u>Plaintiffs' Statement</u>**:

2            Plaintiffs' have no objection to the Ninth Circuit Model Jury Instruction proposed by

3    Fitbit, but have proposed their own instruction for the Court's consideration. Plaintiffs' proposed

4    instruction provides concise direction to the jury regarding the verdict forms and interrogatories.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: March 22, 2018                    MORRISON & FOERSTER LLP


By:  /s/Erin M. Bosman
     Erin M. Bosman

     Attorneys for Defendant
     FITBIT, INC.


Dated: March 22, 2018                    DWORKEN & BERNSTEIN CO., LPA


By:  /s/Patrick J. Perotti
     Patrick J. Perotti

     Attorneys for Plaintiffs


**ECF ATTESTATION**

I, Erin M. Bosman, am the ECF User whose ID and Password are being used to file this document.  I attest that concurrence in the filing of this document has been obtained from the signatory.

Dated: March 22, 2018                    MORRISON & FOERSTER LLP


By:  /s/ Erin M. Bosman
     Erin M. Bosman

     Attorneys for Defendant
     FITBIT, INC.