Patrick J. Perotti (Ohio Bar No. 0005481)
Frank A. Bartela (Ohio Bar No. 0088128)
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, OH 44077
Telephone: (440) 352-3391/Fax: (440) 352-3469
Email: pperotti@dworkenlaw.com
       fbartela@dworkenlaw.com
Appearance *pro hac vice*

John A. Kithas (California Bar No. 64284)
Christopher Land (California Bar No. 238261)
LAW OFFICES OF JOHN A. KITHAS
One Embarcadero Center, Suite 1020
San Francisco, CA 94111
Telephone: (415) 788-8100
Facsimile: (415) 788-8001
Email: john@kithas.com
       chris@kithas.com

Ronald A. Margolis (Ohio Bar No. 0031241)
BONEZZI, SWITZER, POLITO AND HUPP
1300 E. 9th Street, Suite 1950
Cleveland, OH 44114
Telephone: (216)875-2068/Fax: (216)875-1570
Email: rmargolis@bsphlaw.com
Appearance *pro hac vice*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES P. BRICKMAN, individually and as a representative of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>FITBIT, INC.,<br><br>        Defendant. | Case No. 3:15-cv-2077-JD<br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER** |

Named plaintiffs, Margaret Clingman, James P. Brickman, Carissa Ray, Michael Landis, Erica Wathey, Stephanie Curtis, Carolyn Ciavarella, Amanda Samy, and James E. Gau, II renew their request for preliminary approval of a proposed class action settlement pursuant to a written settlement agreement (the "Agreement") with Defendant, Fitbit, Inc., dated October 29, 2018, individually and on behalf of the Settlement Sub-Classes (as defined in the Agreement). The Court denied the original preliminary approval motion over concerns about the use of a coupon as part of the compensation awarded to class members, an overly broad release, and other issues. Dkt. No. 257. The denial was without prejudice, and the parties' revised settlement proposal has satisfactorily addressed the Court's concerns. Overall, the proposed settlement is a good recovery for the class, and fair and reasonable in the circumstances of this litigation. Consequently, it is approved.

The parties submitted their amended preliminary approval motion at about the same time as our district adopted new procedural guidance for class action settlements. While the proposed settlement will not be required to formally conform to the new guidelines, it is well within the spirit of the guidance. The parties are ordered to file the post-distribution accounting as discussed in the guidelines.

**IT IS ORDERED:**

1. Unless otherwise specified, capitalized terms contained herein shall be as defined in the Agreement.

2. This Court previously certified the following classes pursuant to its Order re Class Certification (Dkt. No. 194):

   a. **California Class**: All persons who purchased in the State of California, and registered online, a Fitbit Flex, One, or Ultra between 2009 and October 27, 2014;

   b. **Florida Class**: All persons who purchased in the State of Florida, and registered online, a Fitbit Flex, One, or Ultra between 2009 and October 27, 2014;

3. For settlement purposes only and contingent upon Final Approval by this Court of the Agreement at the Final Approval Hearing ("Final Approval"), the Court hereby certifies, under Fed. R. Civ. P. 23(b)(3), the following Settlement Sub-Classes, defined as follows:

a. **California Sub-Class**: All persons who purchased in the State of California, and registered online, a Fitbit Flex, One, or Ultra between 2009 and October 27, 2014 (Represented by Margaret Clingman);

b. **Florida Sub-Class**: All persons who purchased in the State of Florida, and registered online, a Fitbit Flex, One, or Ultra between 2009 and October 27, 2014 (Represented by James P. Brickman);

c. **New York Sub-Class**: All persons who purchased in the State of New York and registered online a Fitbit Flex, One, or Ultra between March 26, 2012 and October 27, 2014 (Represented by Carissa Ray);

d. **Pennsylvania Sub-Class**: All persons who purchased in the State of Pennsylvania, and registered online, a Fitbit Flex, One, or Ultra between March 26, 2012 and October 27, 2014 (Represented by Michael Landis);

e. **Ohio Sub-Class**: All persons who purchased in the State of Ohio, and registered online, a Fitbit Flex, One, or Ultra between March 26, 2012 and October 27, 2014 (Represented by Erica Wathey);

f. **Michigan Sub-Class**: All persons who purchased in the State of Michigan, and registered online, a Fitbit Flex, One, or Ultra between March 26, 2012 and October 27, 2014 (Represented by Stephanie Curtis);

g. **New Jersey Sub-Class**: All persons who purchased in the State of New Jersey, and registered online, a Fitbit Flex, One, or Ultra between March 26, 2012 and October 27, 2014 (Represented by Carolyn Ciavarella);

h. **Missouri Sub-Class**: All persons who purchased in the State of Missouri, and registered online, a Fitbit Flex, One, or Ultra between March 26, 2013 and October 27, 2014 (Represented by James Gau);

i. **Multi-State Sub-Class**: All persons who purchased in the State of Illinois, and registered online, a Fitbit Flex, One, or Ultra between March 26, 2013 and October 27, 2014, or purchased in the State of Washington, State of Texas, State of Georgia, or State of North Carolina, and registered online, a Fitbit Flex, One, or Ultra between March 26, 2014 and October 27, 2014 (Represented by Amanda Samy).

4. Subject to Final Approval of the Agreement and the entry of Judgment, and for settlement purposes only, the Court finds that the prerequisites of Rule 23 of the Federal Rules of Civil Procedure are met, including requirements that the Class Members are too numerous to be joined in a single action, that common issues of law and fact exist and predominate, that the claims of the settlement Class Representatives are typical of the claims of the Class Members, that the Class Representatives and Class Counsel can adequately protect the interests of the Class Members, and that the Settlement Sub-Classes are a superior method to resolve the claims at issue.

5. Therefore, the Court hereby certifies the above defined Settlement Sub-Classes (Nos. 3(a) – 3(i)) as damages classes pursuant to Rule 23(b)(3). If Final Approval of the Agreement is not granted, or if final judgment as contemplated in the Agreement is not entered, this Conditional Approval Order shall be vacated and the Parties shall be restored without prejudice to their respective litigation positions prior to entry of this Conditional Approval Order.

6. The Court designates Patrick J. Perotti and Frank A. Bartela of Dworken & Bernstein Co., L.P.A., and Ronald A. Margolis of Bonezzi Switzer Polito & Hupp Co. L.P.A., as Class Counsel of the Settlement Sub-Classes.

7. Based on review of the Agreement, terms of the proposed settlement, the claims, defenses, and allegations in this Action, and applicable law, the Court preliminarily finds that there is sufficient basis to conclude that the proposed Agreement is fair, adequate, and reasonable and in the best interests of the Class Members. The Court further finds that the Agreement is the product of thorough, informed, and non-collusive negotiations between the Parties as outlined in the unopposed Motion for Preliminary Approval and Agreement. Thus, the Court preliminarily and conditionally approves the proposed settlement of the Settlement Sub-Classes' claims as described in the Agreement, preliminarily finding the Agreement to be fair, reasonable, and adequate and in the best interests of Class Members.

8. The Court approves the proposed Claim Form and Class Notice, substantially similar to the forms attached as Exhibit A, Exhibit B, and Exhibit C to the Agreement. (Dkt. No. 263-1). The Claim Form and Class Notice are written in plain English, are easy to understand, and fully satisfy the requirements of Fed. R. Civ. P. 23 and due process requirements of the United States Constitution.

9. The Court finds that the proposed Class Notice methodology, contained in Section IV of the Agreement and outlined in Plaintiffs' Unopposed Amended Motion for Preliminary Approval (Dkt. No. 263) will provide the best notice reasonably practicable to the Class Members, and will fairly advise them of their right to object, to opt out of the settlement, and of what they may receive if they remain in the Settlement Sub-Classes and to otherwise satisfy the requirements of Fed. R. Civ. P. 23 and due process requirements of the United States Constitution.

10. The Court also preliminarily approves the administration of the proposed settlement as described in the Agreement and the disbursement of the Settlement Benefits to Settlement Class Members who timely submit signed and completed Claim Forms. Claim Forms

PLAINTIFFS' [PROPOSED] PRELIMINARY APPROVAL ORDER
Case No. 3:15-cv-2077

4

must be postmarked or delivered to the Settlement Administrator on or before May 28, 2019, in order to be considered, which deadline will be stated in the Class Notice and on the Settlement Website. Those Settlement Class Members who timely submit signed and completed Claim Forms by the deadline specified will be eligible for distribution of compensation only to the extent, in the amount, and in the manner described in the Agreement. If the Court grants Final Approval of the Agreement, the Settlement Benefits will be distributed to or for the benefit of Settlement Class Members in the manner and in the amounts described in the Agreement.

11. The Court shall schedule a Final Approval Hearing, the date and time of which to be included in the Class Notice, to consider and finally determine:

   a. Whether the Agreement should be finally approved by the Court as fair, reasonable, and adequate;

   b. Whether and in what amount attorneys' fees should be awarded to Class Counsel, as provided in the Agreement; and

   c. Objections, if any, made to the Agreement, or any of its terms.

The Final Approval Hearing described in this paragraph may be postponed, adjourned, or continued by order of the Court without further notice to Class Members.

12. Any Class Member who has not requested exclusion from the Settlement Sub-Classes and who objects to approval of the proposed settlement may appear at the Final Approval Hearing in person or through counsel to show cause as to why the proposed settlement should not be approved as fair, reasonable, and adequate. However, no person (other than named parties) may be heard at the Final Approval Hearing, or file papers or briefs in connection therewith, unless on or before May 28, 2019, such person has filed with the Court and served on Class Counsel and Defendant's Counsel a timely written notice of intent to object, which must contain or include the following information:

   a. the name, address, and signature of the objecting Class Member;

   b. the specific reasons for the Class Member's objections to the Agreement, including a detailed statement of all factual and legal basis for such objections

      and copies of any and all documents or other materials allegedly supporting the objection;

  c. the identity of all witnesses, by name, address, and a full summary of proposed testimony, who the objecting Class Member may call to testify at the Final Approval Hearing, and a description and copies of all evidence such objecting Class Member may offer at the Final Approval Hearing; and indication whether the objector will attend the Final Approval Hearing; and

  d. if the objecting Class Member, their Counsel or any person with whom they are working on the objection has objected to a class action settlement on more than 3 occasions, the Class Member must, in the objection:

    i. list all cases in which they filed objections and by whom the objections were filed,

    ii. state the outcome of those objections, and

    iii. state the amount of money, if any, paid in connection with the objections to the objector, to their counsel, or to anyone else, including by whom such payment was made and whether it was disclosed to the court overseeing the respective proposed settlement.

Any Class Member who does not file and serve a timely notice of intent to object with all required materials and information in accordance with this Conditional Approval Order shall waive the right to object to the Agreement or to be heard at the Final Approval Hearing, and shall be forever barred from making any objection to the Agreement.

    13. Defendant's Counsel and Class Counsel shall promptly furnish to each other copies of any notice of intent to object and all accompanying materials that comes into such counsel's possession.

    14. If the Agreement is finally approved, the Court will enter a Judgment approving the Agreement substantially in the form and content attached to the Agreement as Exhibit E, and

incorporating it as the judgment of the Court, which judgment shall be binding upon all members of the Settlement Sub-Classes who have not timely and properly requested exclusion in accordance with this Conditional Approval Order and the terms of the Agreement.

15. In the event that Final Approval of the proposed settlement reflected by the Agreement is not granted by the Court, or a settlement is approved with terms different than as reflected by the Agreement and that are not agreed to by Plaintiffs and Defendant in writing, or the Judgment is reversed or modified on appeal, or entry of a Judgment as provided in the Agreement does not occur for any reason, then the settlement, the Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by the Court in connection therewith, shall become null and void, and shall not be used or referred to for any purpose in this Action or in any other proceeding. In such event, the Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of any of the Parties thereto, who shall be restored to their respective positions as of the date of the execution of the Agreement.

16. All Class Members who have not timely and properly excluded themselves from the Settlement Sub-Classes are preliminarily enjoined, in either an individual or representative capacity, from filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or seeking to certify a class in, or organizing customers of Fitbit into a separate class of persons, as a purported class action (including by seeking to amend a pending complaint to include class allegations) in or receiving any benefits or other relief from, any other lawsuit, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction, based on or relating to the claims and causes of action in, or the facts and circumstances relating to, this Action and/or the Released Claims as described in the Agreement.

17. The Parties are hereby authorized without further approval from the Court to agree upon such amendments or modifications of the Agreement and of all exhibits thereto as shall be

consistent in all respects with this Conditional Approval Order and do not limit the rights of Class Members.

18. Pursuant to the Agreement and Plaintiffs' Unopposed Amended Motion for Preliminary Approval (Dkt. No. 263), the Court issues the following schedule for the settlement administration of the Agreement, based on the date of this Order granting the motion:

| Event | Days | Date |
|---|---|---|
| Preliminary Approval Order | N/A | December 17, 2018 |
| Class Notice Issue Date | 75 days from Preliminary Approval Order | March 1, 2019 |
| Claims Deadline | 90 days from Class Notice Issue Date | May 30, 2019 |
| Exclusion deadline | 90 days from Class Notice Issue Date | May 30, 2019 |
| Objection Deadline | 25 days prior to the Final Approval Hearing | June 17, 2019 |
| Attorneys' Fees Motion due | 35 days prior to the Objection Deadline | May 10, 2019 |
| Final Approval Hearing | Any date, as set by the Court, after Objections and the Motion for Attorneys' Fees and Costs are fully briefed | July 11, 2019 |
| Attorneys' Fees and Costs Hearing | Any date, as set by the Court, after the Final Approval Hearing | August 1, 2019 |
| Effective Date | 30 days after the issuance of the Final Approval Order | TBD |

Date: December 17, 2018

_____
JAMES DONATO
United States District Judge