1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10

11   JAMES P. BRICKMAN, individually and as a        Case No. 3:15-cv-2077-JD
     representative of all others similarly situated,

12                                   Plaintiff,      **[PROPOSED] SETTLEMENT ORDER
                                                     AND FINAL JUDGMENT**
13        v.

14   FITBIT, INC.,

15                                   Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' ~~PROPOSED~~ SETTLEMENT ORDER AND FINAL JUDGMENT
Case No. 3:15-cv-2077-JD

1

2
## SETTLEMENT ORDER AND FINAL JUDGMENT

3          This matter was heard on February 6, 2020, before the Court, pursuant to the previous order

4   preliminarily approving the settlement and setting a Final Approval Hearing ("Preliminary

5   Approval Order") entered on December 17, 2018, (Dkt. No. 275) for the purpose of determining:

6   (i) whether the settlement of the action, on the terms and conditions set forth in the Settlement

7   Agreement and Release ("Agreement") between Plaintiffs and Defendant Fitbit, Inc., should be

8   approved as fair, reasonable, and adequate ; (ii) the amount of attorneys' fees and expenses to be

9   awarded to Class Counsel; and (iii) objections, if any, made to the Agreement, or any of its terms.

10          IT IS NOW ORDERED:

11          1.      Words in this Judgment shall have the same meaning as defined terms in the

12   Agreement.

13          2.      The Court has jurisdiction over this case, over all claims raised therein, all Parties

14   to this Action, and Class Members.

15          3.      The Court hereby finalizes its prior preliminary class certification of this Action, for

16   settlement purposes only, as a class action.  In so doing, the Court finds, for settlement purposes only,

17   that the Action meets all the requirements of Rule 23 of the Federal Rules of Civil Procedure and due

18   process and can therefore be certified as a class action, because:  (1) the Settlement Sub-Classes

19   defined below are identifiable and are not ambiguous; (2) Plaintiffs are members of the Settlement

20   Sub-Classes; (3) the Settlement Sub-Classes are so numerous that joinder of all members is

21   impracticable; (4) there are questions of law or fact that are common to the Settlement Sub-Classes

22   and predominate over any individual questions; (5) the claims of Plaintiffs are typical of the claims

23   of the Class Members; (6) Plaintiffs and Class Counsel will fairly and adequately protect the

24   interests of the Settlement Sub-Classes; and (7) the requirements of Rule 23(b)(3) are met.

25          4.      For the purposes of settlement only and this Judgment finally approving the

26   Agreement, the Court hereby certifies, under Fed. R. Civ. P. 23(b)(3), the following

27   Settlement Sub-Classes, defined as follows:

28

a. **California Sub-Class**: All persons who purchased in the State of California, and registered online, a Fitbit Flex, One, or Ultra between 2009 and October 27, 2014 (<u>Represented by Margaret Clingman</u>);

b. **Florida Sub-Class**: All persons who purchased in the State of Florida, and registered online, a Fitbit Flex, One, or Ultra between 2009 and October 27, 2014 (<u>Represented by James P. Brickman</u>);

c. **New York Sub-Class**: All persons who purchased in the State of New York and registered online a Fitbit Flex, One, or Ultra between March 26, 2012 and October 27, 2014 (<u>Represented by Carissa Ray</u>);

d. **Pennsylvania Sub-Class**: All persons who purchased in the State of Pennsylvania, and registered online, a Fitbit Flex, One, or Ultra between March 26, 2012 and October 27, 2014 (Represented <u>by Michael Landis</u>);

e. **Ohio Sub-Class**: All persons who purchased in the State of Ohio, and registered online, a Fitbit Flex, One, or Ultra between March 26, 2012 and October 27, 2014 (Represented <u>by Erica Wathey</u>);

f. **Michigan Sub-Class**: All persons who purchased in the State of Michigan, and registered online, a Fitbit Flex, One, or Ultra between March 26, 2012 and October 27, 2014 (<u>Represented by Stephanie Curtis</u>);

g. **New Jersey Sub-Class**: All persons who purchased in the State of New Jersey, and registered online, a Fitbit Flex, One, or Ultra between March 26, 2012 and October 27, 2014 (<u>Represented by Carolyn Ciavarella</u>);

h. **Missouri Sub-Class**: All persons who purchased in the State of Missouri, and registered online, a Fitbit Flex, One, or Ultra between March 26, 2013 and October 27, 2014 (<u>Represented by James Gau</u>);

i. **Multi-State Sub-Class**: All persons who purchased in the State of Illinois, and registered online, a Fitbit Flex, One, or Ultra between March 26, 2013 and October 27, 2014 or purchased in the State of Washington, State of

Texas, State of Georgia, or State of North Carolina, and registered online, a

Fitbit Flex, One, or Ultra between March 26, 2014 and October 27, 2014

(Represented by Amanda Samy).

5.      Based on the evidence presented at the hearing, the Court finds that notice has been given to Class Members pursuant to and in compliance with the Preliminary Approval Order, Agreement, and the Court-approved Reminder Campaign, and that the Class Notice and Summary Notice and the notice methodology adopted pursuant to the Preliminary Approval Order, the Agreement, and the Court-approved Reminder Campaign was reasonable and the best notice practicable; satisfied due process requirements; provided Class Members with fair and adequate notice of the certification of the Settlement Sub-Classes and of the Final Approval Hearing; provided adequate information concerning the hearing, the right to be excluded from the Settlement Sub-Classes, the Agreement, and the right of Class Counsel to apply for an award of attorneys' fees and expenses.  Accordingly, the Class Notice, Summary Notice, and Claim Form are finally approved as fair, reasonable, and adequate.  The Court finds and concludes that due and adequate notice of the pendency of this Action and of the Agreement has been provided to Class Members, and the Court further finds and concludes that notice of the Agreement as described in the Preliminary Approval Order and completed by the Parties complied fully with the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process under the United States Constitution.

6.      The Court finds that the Agreement was entered into in good faith between Plaintiffs and Fitbit, and is the result of non-collusive, diligent, and good faith arm's length negotiations by the Parties thereto.  In addition, the Court finds that Final Approval of the Agreement will result in substantial savings in time and resources of the Court and the Parties and will further the interests of justice, and is in the best interest of the Settlement Sub-Classes, especially in light of the benefits to the Settlement Sub-Classes and the costs and risks associated with the complex proceedings necessary to achieve a favorable result in this Action.  Further, the Court finds that the Agreement is fair, reasonable, and adequate to Class Members based on proceedings in this Action, discovery, due diligence, and the absence of material objections sufficient to deny approval.

7.      Therefore, the terms of the present settlement, as set forth in the Agreement, are hereby determined to be fair, reasonable, and adequate.  Accordingly, the Agreement, including each of its respective terms and conditions, is hereby finally approved by and incorporated as part of this Judgment.

8.      The Court hereby enters final judgment approving the settlement, as set forth in the Agreement.  In accordance with the Agreement and this Judgment, the Court hereby enters judgment fully and finally terminating all claims of Plaintiffs and the Settlement Sub-Classes against Fitbit, on the merits, with prejudice, and without leave to amend.

9.      The Court further finds that all Class Members who have not timely and properly excluded themselves, regardless of whether such Class Members have claimed or obtained benefits under the Agreement, shall, by operation of this Judgment, and do release, dismiss with prejudice, and forever discharge Defendant Fitbit, Inc., and each of its past or present directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, parents, subsidiaries, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, related companies, and divisions, and each of their predecessors, successors, heirs, and assigns (collectively, "Released Persons"), from any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, that were or could have been alleged or asserted against any of the Released Persons in this Action, arising out of or related to claims relating to the sleep-tracking feature of the Devices and Fitbit's advertising regarding the same.

10.     Those Class Members who timely and properly requested exclusion from the Settlement Sub-Classes are identified in Exhibit G to the Affidavit of Deborah McComb (Dkt. No. 309-2) on behalf of KCC, the Settlement Administrator, filed with the Court.  The Court approves this list of Class Members who have excluded themselves from the Settlement Sub-Classes, and

those individuals are excluded from the Settlement Sub-Classes.  All other Class Members of the Settlement Sub-Classes are, together with their heirs, estates, trustees, executors, administrators, principals, agents, beneficiaries, assigns, successors, and legal representatives bound by this Judgment and all proceedings embodied by the Agreement, including the releases provided for in this Judgment.

11.     Class Representatives, on behalf of themselves and all Class Members, and Defendant shall by operation of this Judgement, be deemed to have waived the provisions, rights and benefits of California Civil Code § 1542, and any similar law of any state or territory included in the Settlement Sub-Classes or principle of common law.  As of the date of the Parties Settlement, California Civil Code § 1542 read as follows:

> Certain Claims Not Affected By General Release:  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.[1]

12.     The Court finds that Plaintiffs and counsel for Plaintiffs and the Settlement Class, Patrick J. Perotti and Frank A. Bartela, of Dworken & Bernstein Co., LPA, and Ronald A. Margolis, of Bonezzi Switzer Polito & Hupp Co., L.P.A., have fairly and adequately satisfied the requirements of Rule 23 in representing the class.

13.     For the reasons stated in the ___March 20, 2020___ separate Order on Class Counsel's Motion for an Award of Attorneys' Fees and Costs and Incentive Compensation (Dkt. No. 282), and Class Counsel having accepted on August 9, 2019 (Dkt. No. 302) this Court's election proposed on August 1, 2019 (Final Approval Hearing Transcript, August 1, 2019, Dkt. No. 298, at pp. 8, 10 and 14) of a reduction in lodestar awarded from $3,851,425 down to $2,765,732.05 combined with a multiplier of 2.5 on that lodestar, and Class Counsel having accepted on August

---

[1] Section 1542 was amended on January 1, 2019 to read, "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."  This revision to the statutory language does not impact the Court's Order.

7, 2019 (Dkt. No. 300) this Court's reduction of costs from $366,944.48 to $151,610.80, the following amounts shall be paid by Defendant

    a. The sum of $7,065,940.93 is hereby awarded as the entire attorneys' fees and reimbursement to Class Counsel for costs and expenditures in this Action, consisting of $6,914,330.13 for all fees for legal services, and $151,610.80 for all costs, all disbursements, all out-of-pocket expenses, and all other expenditures pursuant to the Court's Order on Class Counsel's Motion for an Award of Attorneys' Fees and Costs and Incentive Compensation. (Dkt. No. 282).

    b. 25% of the $7,065,940.93 in fees will be paid after counsel have filed the Post-Distribution Accounting required by the N.D. Cal. Procedural Guidance for Class Action Settlements.

    c. The sum of $5,000.00 each is hereby awarded as incentive compensation to Plaintiffs Brickman and Clingman for their efforts in litigating and settling this Action for the Settlement Class Members.  These sums shall be paid by Fitbit to Plaintiffs and Class Counsel representing Plaintiffs and the Class Members pursuant to the terms and conditions and at the time set forth in the Agreement.

    d. The sum of $500 each is hereby awarded as incentive compensation to Plaintiffs Carissa Ray, Stephanie Curtis, Michael Landis, Carolyn Ciavarella, Erica Wathey, James E. Gau, II, and Amanda Samy for their efforts in litigating and settling this Action for the Settlement Class Members.  These sums shall be paid by Fitbit to Plaintiffs and Class Counsel representing Plaintiffs and the Settlement Class Members pursuant to the terms and conditions and at the time set forth in the Agreement.

14.    The Court overrules the objection of Wanda J. Cochran (Dkt. No. 286) as it lacks any merit and fails to provide any support for its opposition to Class Counsel's motion for an award of attorneys' fees and costs. Further, the Court strikes the Cochran objection as the objector failed to provide the reasonable materials and information required by the Agreement and the Preliminary

Approval Order.

15.     The Parties are directed to consummate the Agreement in accordance with its terms. Fitbit shall pay the costs of administration of the settlement, in accordance with the terms and conditions set forth in the Agreement.

16.     Disbursements to eligible Settlement Class Members who timely file proper Claim Forms, will be made by the Settlement Administrator or Fitbit in the manner, within the time periods, and under the terms and conditions provided in the Agreement.  Fitbit will provide funds as necessary to the Settlement Administrator to make disbursements to eligible Settlement Class Members, as provided in the Agreement.

17.     The Settlement Administrator will discharge all aspects of notice, payment, and other settlement administration in accordance with the Agreement.

18.     Neither this Judgment, the Agreement, the fact of settlement, the settlement proceedings, settlement negotiations, nor any related document, shall be used as an admission of any act or omission by Fitbit or any other Released Person, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by Fitbit or any other Released Person, in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, other than such proceedings as may be necessary to consummate or enforce the Agreement.

19.     Nothing herein shall bar any action or claim to enforce the terms of the Agreement.

20.     The Parties are hereby authorized without further approval from the Court to agree upon such amendments or modifications of the Agreement and all exhibits thereto as shall be consistent in all respects with this Judgment and do not limit the rights of Class Members.

21.     Without affecting the finality of this Order, the Court retains jurisdiction over this Agreement to the extent necessary to implement, enforce, and administer the Agreement and this Judgment.  Upon written report of the Settlement Administrator that all distributions have been made pursuant to the Agreement, the Court will dismiss this Action with prejudice and without costs or attorneys' fees (except such costs and fees as are awarded herein) as to all claims that were

asserted or could have been asserted by Plaintiff and/or the Settlement Sub-Classes. Notwithstanding the foregoing, this Order constitutes a final and complete adjudication of the claims of the Settlement Sub-Classes and other matters presented herein, and the Court expressly determines that there is no just reason for delay, pursuant to Rule 54(B).

Dated: _____March 20_____, 2020        _____

JAMES DONATO
United States District Judge